**Rubye FOOTE, Appellant,**

v.

**The CITY OF HOUSTON, Texas, et al.,**
**Appellees.**

**No. 14067.**

Court of Civil Appeals of Texas.

Houston.

Oct. 18, 1962.

Rehearing Denied Nov. 1, 1962.

C. C. Divine, Houston, for appellant.

R. H. Burks, City Atty., Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellant, Rubye Foote, against The City of Houston for a declaratory judgment declaring Ordinance No. 61–1444 illegal and unconstitutional, and for a temporary and permanent injunction restraining the City from enforcing or attempting to enforce such ordinance or interfering with appellant's conduct of her business, and also for a mandamus order-

ing appellee to issue appellant a license to operate her business upon her tendering the prescribed fee. Appellee filed its original answer which included pleas and exceptions to the jurisdiction of the court. On hearing of appellant's application for temporary injunction, the trial court sustained appellees' pleas to the jurisdiction and dismissed the entire cause of action on the sole ground that the court did not have jurisdiction of the subject matter of the suit, since it was brought to enjoin the enforcement of a penal ordinance making it unlawful in massage parlors or establishments to massage people of the opposite sex, or for such establishments to accommodate both male and female patrons.

In her petition appellant pleaded in effect that she was the owner and operator of a business establishment known as Brunswick Massage & Steam Baths at 1700 East Alabama, Houston, Texas, and had not paid a license fee for operation of such business because appellee had enacted the aforesaid ordinance which restricted her trade and patronage; that she had expended much money in the installation and equipping of said place for business, and employed female attendants trained and experienced in the art of massaging; that said ordinance deprived her of her property and privileges without due course of law, contrary to Article 1, Sec. 19, of the Constitution of the State of Texas, Vernon's Ann.St., and interfered with her lawful vocation and means of livelihood; that she had made application for a license under the provisions of the ordinances of the City of Houston and that the City had refused to license her business and threatens arrest if she operates without a license. Appellant also alleged in her sworn pleading that if the City is not enjoined, it will interfere with the operation of her business and she will be irreparably damaged, and will be denied a right to earn a living, deprived of her patronage, and will be forced to go out of business.

In her prayer appellant prays for a declaratory judgment declaring said Ordinance No. 61–1444 illegal and void, and enjoining the City from enforcing or attempting to enforce said ordinance, or in any manner interfering with either the licensed or unlicensed operation and conduct of her business and trade, and for a mandamus ordering the appellee to issue a license upon tender of the required fee.

It is our view that the trial court had jurisdiction of the subject matter of appellant's suit or certain phases of it. She sought injunctive relief alleging that her property rights would be substantially injured by enforcement of an invalid ordinance. 31 Tex.Jur.2d, p. 180, Injunctions, § 91. She also sought a declaratory judgment and mandamus. The trial court was not called upon to determine the merits of the case on the hearing for temporary injunction, but only to decide whether or not a temporary injunction should be granted. It was error to dismiss the suit.

Judgment reversed and cause remanded.