Donald P. DOWLING, Appellant,

v.

NADW MARKETING, INC., et
al., Appellees.

No. 5269.

Court of Civil Appeals of Texas,
Eastland.

Feb. 22, 1979.

Rehearing Denied March 15, 1979.

Larry J. Dowling, Dowling & Wilson,
Austin, for appellant.

Lamar Holley, Holley & Holley, Dallas,
for appellees.

RALEIGH BROWN, Justice.

Donald P. Dowling, a Texas resident,
sued NADW Marketing, Inc., a Louisiana
corporation not registered to do business in
Texas, and Henry Primeaux, a resident of
Louisiana, alleging deceptive trade prac-
tices and alternatively fraud. Defendants'
motion for dismissal for want of jurisdiction
was granted. Dowling appeals. We re-
verse and remand.

The plea to the jurisdiction was based on
a prior written agreement between the par-
ties which included the following provi-
sions:

XII. CONTRACT INTERPRETATION

This contract shall be interpreted and
construed under the laws of the State of
Louisiana. Any action brought hereun-
der by DISTRIBUTOR shall be brought
in the District Court of the Parishes of
Orleans or Jefferson, in the State of Lou-
isiana.

Primeaux executed the agreement on be-
half of NADW Marketing, Inc. and Dowl-
ing for himself as a distributor.

If the trial court has founded its
order on that portion of the cited provision
which attempts to set venue in the Parishes
of Orleans or Jefferson in the State of
Louisiana, such a dismissal would be error.
Like provisions have been declared invalid
in Texas.

The court in *International Traveler's
Ass'n v. Branum*, 109 Tex. 543, 212 S.W. 630
(1919), considering a stipulation in an insur-
ance policy fixing exclusive venue in the
county of the insurer's residence, said:

We are convinced that it is utterly
against public policy to permit bargaining
in this state about depriving courts of

jurisdiction, expressly conferred by statute, over particular causes of action and defenses. *Eaton v. International Travelers' Ass'n of Dallas*, Tex.Civ.App., 136 S.W. 817. . . .

In *Fidelity Union Life Insurance Company v. Evans*, 477 S.W.2d 535 (Tex.1972), considering the fixing of venue by contract, the court said:

> We hold that the fixing of venue by contract, except in such instances as permitted by Article 1995, § 5, is invalid and cannot be the subject of private contract. Clark, Venue in Civil Cases, 9 (1953). . .

The fact that the cited provision requires the contract to be interpreted and construed under the laws of the State of Louisiana does not make this cause subject to a dismissal.

Texas courts have long recognized that parties to a contract, under certain circumstances, may choose the law applicable to the transaction in which they are engaging. *Dugan v. Lewis*, 79 Tex. 246, 14 S.W. 1024 (1891).

The court in *Securities Investment Company of St. Louis v. Finance Acceptance Corporation*, 474 S.W.2d 261 (Tex.Civ.App. —Houston (1st Dist.) 1971, writ ref'd n. r. e.) said:

> Where the parties to a contract specify in the instrument that it is to be governed by the law of a particular state, that law will apply if it has a reasonable relationship to the contract. *Teas v. Kimball*, 257 F.2d 817 (5th Cir., 1958); 16 Am.Jur.2d, Conflict of Laws, § 41, pp. 64–65.

In the case at bar, Dowling has pleaded appellees violated the Texas Deceptive Trade Practices Act and alternatively has pleaded fraud in the inducement of the contract. Appellees answered the allegations without challenging the jurisdiction of the court by a limited appearance.

The court in *Campsey v. Brumley*, 55 S.W.2d 810 (Tex.Comm.App.—1932) said:

> The jurisdiction of a court is determined, not by the judgment rendered, but by the petition. *City of Fort Worth v. Zane-Cetti* (Tex.Com.App.), 29 S.W.2d 958. It is settled that the petition must affirmatively show jurisdiction . . . . .

> Jurisdiction of a court is the power or authority by which it takes cognizance of, and decides, cases. . . . Jurisdiction may be said to be of two kinds; of the subject-matter, and of the person. Consent may give jurisdiction of the person, but cannot do so as to the subject-matter.

The court, having jurisdiction of both the subject matter and the person, erred in granting the motion to dismiss. See *Foote v. City of Houston*, 361 S.W.2d 247 (Tex.Civ. App.—Houston 1962, writ ref'd n. r. e.).

The judgment is reversed and the cause remanded.