**Marcia MONESSON, Appellant,**

v.

**NATIONAL EQUIPMENT RENTAL, LTD., Appellee.**

No. 20098.

Court of Civil Appeals of Texas, Dallas.

Jan. 3, 1980.

Rehearing Denied Feb. 29, 1980.

J. Kathryn Lindauer, Weil, Craig & Fischman, Dallas, for appellant.

Dan Hoffmeyer, Schroeder & Hoffmeyer, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Plaintiff, National Equipment Rental, Ltd., sued and recovered judgment in New York against defendant, Marcia Monesson, on a guaranty to a lease agreement which defendant had signed and which contained a clause wherein defendant consented to the jurisdiction of the New York courts in any actions arising on the guaranty. Summary judgment was rendered for plaintiff granting the New York judgment full faith and credit, and defendant appeals. We affirm.

Defendant's husband, Robert J. Monesson, and Advanced Leasing Services, Inc., entered into two lease agreements which defendant signed as guarantor. After these leases and the guaranty were assigned to the plaintiff, defendant's husband defaulted in payment and filed a petition in bankruptcy, which allowed plaintiff to accelerate the amount due and bring suit against defendant. This action was originally brought in New York, with notice to defendant by certified mail.

The plaintiff asserted that the New York court had jurisdiction by virtue of the following clause in the guaranty:

This instrument shall be deemed to have been made in New York County, New York, and shall be interpreted in accordance with the laws of the State of New York, and as part of the consideration for the Lessor's execution of the aforementioned Lease, the undersigned guarantor hereby agrees that any and all actions or proceedings arising directly or indirectly from this guarantee shall be litigated in courts having a situs within the State of New York, *and the undersigned guarantor hereby consents to the jurisdiction of*

*any local, State or Federal Court located within the State of New York,* and the undersigned Guarantor waives personal service of any and all process, and consents that all such service of process may be made by certified or registered mail . . . .

[Emphasis added]

Because defendant received actual notice of the pending New York litigation, no question is raised as to the validity of the waiver of personal service in the guaranty. Defendant did not answer the New York action, and consequently, .default judgment was rendered against her. Upon subsequent action to enforce this judgment in Texas, defendant .attacked the New York judgment as being void because the New York court lacked personal jurisdiction over her. The Texas court gave full faith and credit to the New York judgment. Defendant appeals from that summary judgment asserting that apart from this contractual consent insufficient minimum contacts exist to support in personam jurisdiction. She also argues that her consent to jurisdiction in the guaranty is invalid and the consent clause is unconscionable. She contends that since fact issues exist on these questions, the summary judgment was improperly granted.

■ Defendant's primary contention is that the New York court failed to acquire personal jurisdiction over her because she had insufficient contacts with that state. By affidavit, she asserts she has not been in New York in the last four years except for changing planes at an airport in New York City on a trip unrelated to the events giving rise to this lawsuit. She argues that due process requires that she have minimum contacts with New York before that state can obtain personal jurisdiction over her. These contentions are irrelevant to a determination of the question of whether the New York court had jurisdiction over the defendant.

This is true because defendant consented to the jurisdiction of New York and, therefore, jurisdiction of New York over her depends on the validity in New York of this contractual consent to litigating disputes arising under the contract. If defendant indeed consented to New York jurisdiction, New York had jurisdiction over her. *A & S Distributing Co., Inc. v. Providence Pile Fabric Corp.,* 563 S.W.2d 281, 284 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.). It is undisputed that the defendant signed the guaranty consenting to New York jurisdiction. Since New York courts enforce such consent clause, under New York law the judgment is valid. *See National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); *National Equipment Rental, Ltd. v. Reagin,* 338 F.2d 759, 762 (2d Cir. 1964).

Defendant contends that *National Equipment Rental, Ltd. v. Szukhent* is not controlling because the Court did not address the due process question. That court held that no due process claim had been made. We likewise hold that defendant has made no due process claim because she raised no facts to show her consent was not valid.

Defendant argues that her consent was not voluntary and the clause is invalid and unconscionable because of the disparity of the bargaining power of the parties and her lack of business sophistication. We cannot consider these arguments, even if valid, because she failed to raise them in her pleadings and in her summary judgment proof. *Simmons and Simmons Construction Co. v. Rea,* 155 Tex. 353, 286 S.W.2d 415, 417 (1955). Her answer and her response to plaintiff's motion for summary judgment are all based on due process grounds and her contention that she had no minimum contacts with New York.

■ Defendant also argues the consent is invalid because the guaranty was not supported by valid consideration. Our question then is whether the guaranty need be supported by consideration under New York law in order to be enforceable. We need not answer this question, however, because under Texas law the guaranty was supported by consideration. Although defendant's affidavit does include a statement that she received nothing of value for the guaranty, under Texas law consideration

for this guaranty need not pass to the guarantor, but is sufficient if the primary debtor receives some benefit. *Hargis v. Radio Corporation of America, Electronic Components*, 539 S.W.2d 230, 232 (Tex.Civ.App.—Austin 1976, no writ). Consideration for the lease will provide consideration for the guaranty, which was executed the same day as the lease. Because defendant has produced no New York law to show that lack of benefit to her individually would render her guaranty invalid, we must presume that New York law is the same as Texas law. *Southern Pacific Co. v. Porter*, 160 Tex. 329, 331 S.W.2d 42, 45 (1960). Consequently, the guaranty was supported by consideration and no fact issue was raised concerning whether this clause was invalid or unconscionable and her consent involuntary.

Defendant cites several cases to support her position that this clause is invalid. She cites *Leasewell, Ltd. v. Jake Shelton Ford, Inc.*, 423 F.Supp. 1011 (S.D.W.Va.1976), which holds that a consent to jurisdiction clause was unreasonable under West Virginia law. In our case, however, New York law applies because that is where the judgment was rendered, *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 341 (Tex.1966), and New York courts hold these clauses valid. Furthermore, defendant did not bring forward any summary judgment evidence to prove that the contract was unreasonable. Defendant also relies on *D. H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) in which the Court held a cognovit provision in a note valid but applied various factors to determine if the defendant had validly waived its due process rights to notice and a hearing. Even if we were to apply these considerations, as we have already noted defendant did not raise any facts which show that her consent to New York jurisdiction was involuntary.

Affirmed.