**Sheryl LEONARD, Relator,**

v.

**Honorable Sam PAXSON, Judge et al., Respondents.**

**No. C-2005.**

Supreme Court of Texas.

July 20, 1983.

Schwartz, Earp, McClure, Cohen & Stewart, Larry H. Schwartz and Gordon Stewart, El Paso, for relator.

Mark Howell, El Paso, for respondent.

McGEE, Justice.

Relator, Sheryl Leonard, seeks a writ of mandamus directing the Honorable Sam Paxson, Judge of the 210th District Court of El Paso County, to transfer proceedings on her motion to modify the child support provisions of a previous divorce decree to Galveston County. We conditionally grant the writ.

In 1981, Sheryl and her former husband, Morton Leonard, entered into an "Agreement Incident to Divorce" which was approved by Judge Paxson and was incorporated into the court's final decree of divorce. Paragraph 6.09 of the Agreement states that the child support provisions contained therein are to be considered as a binding contract. Paragraph 11.02 of the Agreement provides as follows:

> *Venue of Suits.* All acts contemplated by this Agreement shall be performed in El Paso County, Texas, and all sums of money payable under this Agreement shall be payable in El Paso, Texas.

In 1982, Sheryl instituted a proceeding to modify the child support provisions of the divorce decree. *See* Tex.Fam. Code Ann. § 14.08(a). In addition, she filed a motion to transfer the proceeding to Galveston County on the grounds that the children had resided in Galveston County for more than six months prior to the institution of the motion to modify. *See id.* §§ 11.04(a), 11.06(b).[1] Morton contested the motion to transfer and filed a controverting affidavit, alleging that venue was proper in El Paso County based on paragraph 11.02 of the Agreement. *See* Tex.Rev.Civ.Stat.Ann. art. 1995(5). Following a hearing on the motion to transfer, Judge Paxson found that the children had indeed resided in Galveston County for more than six months, but concluded that venue was nonetheless proper in El Paso County by virtue of the parties' agreement. Accordingly, Sheryl's motion to transfer was denied.

■ The question before us is whether the proceeding filed by Sheryl in Judge Paxson's court is a "suit affecting the parent-child relationship" under section 11.-01(5) of the Family Code. We conclude that it is, and hold that it was Judge Paxson's mandatory duty under section 11.06(b)

of the Family Code to transfer the proceeding to Galveston County. *Arias v. Spector,* 623 S.W.2d 312 (Tex.1981) (per curiam); *Brines v. McIlhaney,* 596 S.W.2d 519 (Tex. 1980); *Brod v. Baker,* 591 S.W.2d 457 (Tex. 1979); *Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978).

The venue provisions of the Family Code remove suits affecting the parent-child relationship from the operation of the general venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995, and the transfer provisions set forth in section 11.06(b) supplant the Rules of Civil Procedure governing pleas of privilege. *Rogers v. Rogers,* 536 S.W.2d 442, 443–44 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). Section 11.01(5) of the Code defines a "suit affecting the parent-child relationship" as, among other things, "a suit ... in which ... support of a child ... is sought." Sheryl's motion, which seeks modification of the child support provisions of the decree, is clearly a "suit affecting the parent-child relationship."

■ Morton's reliance on paragraph 11.02 of the Agreement is misplaced. In *Fidelity Union Life Insurance Co. v. Evans,* 477 S.W.2d 535, 537 (Tex.1972), we held "that the fixing of venue by contract, except in such instances as permitted by Article 1995, § 5, is invalid and cannot be the subject of private contract." Our holding in *Fidelity Union* controls the instant case.

■ The underlying proceeding is a motion to modify the child support provisions of a divorce decree, not a suit on a contract. Sheryl does not allege that Morton has breached the Agreement, nor does she seek a money judgment for support payments due her under the contract. In this situation, the provisions of article 1995(5) are not applicable. Instead, the mandatory venue and transfer provisions of the Family Code

---

1. Section 11.04(a) provides that "a suit affecting the parent-child relationship shall be brought in the county where the child resides." Section 11.06(b) provides:

> If ... a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the motion of any party, the court shall transfer the proceeding to the

county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.... If the child has resided in another county for six months or longer, the court shall transfer the proceeding to that county.

control and cannot be negated by contract. To hold otherwise would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides, and would promote forum shopping by contract. *Cassidy v. Fuller,* 568 S.W.2d at 847.

It is expected that Judge Paxson will transfer the proceeding in accordance with this opinion. The writ of mandamus will issue only in the event he does not do so.