**W. Howell BARNETTE, Appellant,**

**v.**

**UNITED RESEARCH COMPANY, INC., Appellee.**

**No. 05–91–00228–CV.**

Court of Appeals of Texas, Dallas.

Dec. 30, 1991.

Rehearing Denied Feb. 10, 1992.

David K. Watsky, Hal K. Gillespie, Dallas, for appellant.

William C. Strock, John DeSteiguer, Frank Careri, Jr., Dallas, for appellee.

Before ENOCH, C.J., and BAKER and BURNETT, JJ.

## OPINION

ENOCH, Chief Justice.

W. Howell Barnette appeals the trial court's order granting Defendant's Motion to Dismiss Plaintiff's Original Petition

Without Prejudice. In three points of error, Barnette asserts that the trial court erred because: (1) the forum selection clause in Barnette's employment contract is unenforceable; (2) the forum selection clause is inapplicable since Barnette's claims are outside the four corners of the employment contract; and (3) it improperly ruled that New Jersey law shall apply to his employment contract. We overrule Barnette's first and second points, and sustain his third point. We modify the judgment of the district court to delete its ruling that his employment contract shall be governed, interpreted and enforced under the laws of New Jersey. In all other respects, we affirm.

## FACTS

On May 26, 1987, Barnette entered into an employment agreement with United Research Company, Inc. ("URC"). Barnette was to serve as a management consultant in return for an annual compensation of approximately $90,000. They entered into a second employment agreement in April, 1989. Both agreements were to "be governed, interpreted, and enforceable pursuant to the laws of the State of New Jersey," and additionally, provided that "the United States District Court for the District of New Jersey or the Superior Court of New Jersey" would be used to resolve disputes between the parties.

Barnette was terminated as an employee in September, 1989. In July, 1990, he sued URC in a Texas district court for (1) wrongful termination; (2) unlawful age discrimination; (3) intentional infliction of severe emotional distress; (4) fraudulent inducement to accept employment; and (5) detrimental reliance. URC filed a motion to dismiss and an answer containing a general denial, a special exception to Barnette's alleged failure "to set forth the nature and the amount of damages which he seeks to recover," and asserting affirmative defenses. Pursuant to URC's motion to dismiss, the district court entered an order stating "(1) that any lawsuit brought between Plaintiff and Defendant pertaining to Plaintiff's employment by Defendant must be instituted in a state or federal court in New Jersey; and (2) that these employment contracts shall be governed, interpreted and enforced under New Jersey law."

## THE FORUM SELECTION CLAUSE

In his first point of error, Barnette contends that the trial court erred in dismissing his case because the forum selection clause in his employment contract is unenforceable for public policy reasons. To support his argument, Barnette cites *Fidelity Union Life Ins. Co. v. Evans,* 477 S.W.2d 535 (Tex.1972), *International Travelers' Ass'n v. Branum,* 109 Tex. 543, 212 S.W. 630 (1919), and *Dowling v. NADW Marketing, Inc.,* 578 S.W.2d 475 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.). Barnette incorrectly relies on these cases.

In both *Evans* and *Branum,* the Supreme Court of Texas held that contracts could not contain venue provisions *in contravention of venue statutes. Evans,* 477 S.W.2d at 537 (injunction suit must be brought in county provided for by venue statute, and not county provided for by venue provision in insurance contract); *Branum,* 212 S.W. at 631–32 (suit to recover accidental death proceeds must be brought in county provided for by venue statute, and not county provided for by venue provision in insurance contract). In *Dowling,* the Eastland Court of Appeals held that the venue provision in a contract did not govern in a suit alleging deceptive trade practices and fraud, noting: "Like provisions have been declared invalid in Texas." *Dowling,* 578 S.W.2d at 475 (citing *Evans* and *Branum* ). All three cases rely, in part, on the following language in *Branum:*

> We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses. It follows that the stipulation for exclusive venue in Dallas county will not be enforced....

*Branum,* 212 S.W. at 632 (citation omitted).

■ Barnette urges that public policy also prohibits enforcement of forum selection clauses in Texas. We disagree. When a party contractually consents to the jurisdiction of a particular forum, jurisdiction necessarily depends on the validity of the contract. *Monesson v. National Equip. Rental*, 594 S.W.2d 780, 781 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). And, if a party consents to New Jersey jurisdiction, New Jersey has jurisdiction over that party. *See Monesson*, 594 S.W.2d at 781 (defendant, in guaranty clause, consented to litigate disputes in New York and New York court properly exercised jurisdiction under New York law); *A & S Distribution Co. v. Providence Pile Fabric Corp.*, 563 S.W.2d 281, 284 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (defendant voluntarily agreed to submit disputes arising from a contract to arbitration in New York and New York court properly exercised jurisdiction under New York law). The Superior Court of New Jersey will enforce the type of forum selection clause signed by Barnette:

> While an agreement to be bound by the laws of a designated state cannot oust a state of judicial jurisdiction, it will be enforced unless it is unfair, unreasonable or against the public policy of the forum state.

*Air Economy Corp. v. Aero–Flow Dynamics, Inc.*, 122 N.J.Super. 456, 300 A.2d 856, 857 (1973) (per curiam). In the present case, there is nothing unfair or unreasonable in the agreement to be bound by New Jersey law. *See id.* The trial court properly exercised its discretion in dismissing Barnette's complaint without prejudice. Accordingly, we overrule Barnette's first point of error.[1]

■ In his second point of error, Barnette maintains that the trial court erred in dismissing his case because the forum selection clause is inapplicable since his claims against URC are outside the four corners of the employment contract. "Pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir.1988). We hold that Barnette's claims arose from his employment relationship with URC and implicate the terms of the employment contract. We overrule Barnette's second point of error.

■ In his third point of error, Barnette challenges the trial court's ruling that his employment contract with URC shall be governed, interpreted, and enforced under the laws of New Jersey. Since we have found that the forum selection clause is enforceable, it is up to the New Jersey courts to rule upon which law governs the interpretation of the contract. *See Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir.1990) (requiring application of the choice of law rules of the forum). Accordingly, we sustain Barnette's third point and modify the judgment of the district court to delete its ruling that his employment contract shall be governed, interpreted, and enforced under the laws of New Jersey.

As modified, we affirm the trial court's judgment.

---

**1.** Barnette also complains that URC erred procedurally by filing a motion to dismiss, rather than removing the case to the federal district court in Texas and then filing a motion to transfer venue to the federal district court in New Jersey. Since Barnette has cited no authority to support his contention that filing a motion to dismiss is an inappropriate means to ultimately obtain a New Jersey forum, we decline to address this issue. *See* TEX.R.APP.P. 74; *J.B. Custom Design and Building v. Clawson*, 794 S.W.2d 38, 41 (Tex.App.—Houston [1st Dist.] 1990, no writ).