**Jim L. GREENWOOD, Appellant,**

v.

**TILLAMOOK COUNTRY SMOKER, INC., Appellee.**

**No. 01–92–01195–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1993.

Lisa Greenwood, John M. Frick, Cheryl K. Harper, Houston, for appellant.

J. Grady Randle, Houston, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This case involves a lawsuit "forum selection clause" in a contract. Appellant, Jim L. Greenwood, appeals from a judgment dismissing his lawsuit without prejudice. We affirm.

Greenwood, a Texas resident, filed suit seeking declaratory relief against R.J. Overton, Inc. (Overton) and Tillamook Country Smoker, Inc. (Tillamook), an Oregon corporation, alleging fraud and breach of contract in connection with a distributorship agreement and guaranty.[1] Additionally, Greenwood sought indemnification from Overton for any liability arising under the guaranty.[2]

Paragraph 5.05 of the distributorship agreement between Greenwood and Tillamook stated:

> [T]his Agreement shall be governed in all respects and aspects by the laws of the State of Oregon in the United States of America and the parties hereby agree that any legal action concerning this Agreement shall be brought in a court of competent jurisdiction in the State of Oregon.

Additionally, a guaranty signed by Jim L. Greenwood and Katy Greenwood stated:

> In case suit be brought to enforce the guaranty or any claim arising thereunder, it is hereby expressly agreed that at the option of said creditor or the holder hereof, the jurisdiction and venue of such suit may be laid in the County of Tillamook, State of Oregon.

In response to Greenwood's original petition, Tillamook filed a "special appearance to present motion objecting to jurisdiction,"

---

1. The distributorship agreement allegedly granted Greenwood the exclusive right to distribute Tillamook products in northern Georgia.

2. Greenwood's claims against Overton were severed from Greenwood's claims against Tillamook after Tillamook's motion to dismiss was granted; Tillamook is therefore the only appellee.

relying on the forum selection clauses in the contracts as grounds for the trial court to dismiss the suit. The trial court denied the special appearance. Tillamook then filed a motion for reconsideration and motion to dismiss, which incorporated its prior arguments and additionally stated:

On April 24, 1992, the parties appeared to argue the original Special Appearance filed by TILLAMOOK. The Court at that time indicated that it wished to enforce the forum selection clause contained in the contracts rejecting Texas jurisdiction attached to the Motion for Special Appearance and attached to this Motion as Exhibit "A". The Court suggested the Defendant file a Motion to Dismiss which this Motion represents.

Tillamook thereafter supplemented its motion to dismiss with a copy of an order of the Oregon circuit court denying Greenwood's motion to dismiss the suit Tillamook had brought in Oregon to collect on Greenwood's alleged past due account under the same distributorship agreement. Tillamook's suit in Oregon had been filed after Greenwood's suit, but before the petition in Greenwood's Texas suit was served on Tillamook. The Oregon court decided to retain jurisdiction, finding, in part, that Greenwood had consented to Oregon jurisdiction.

Greenwood filed responses to Tillamook's pleadings, arguing that Texas has a compelling interest in the suit because Texas residents were defrauded by an out-of-state corporation; the contracts were negotiated in, and performable in part in Texas; the forum selection clauses were not freely negotiated and therefore are unenforceable; and Texas is the most convenient forum for the litigation.

■ On June 12, 1992, the trial court signed an order dismissing Greenwood's case against Tillamook. Because the order does not state the case is dismissed with prejudice, it is presumed the dismissal is without prejudice. *In the Interest of Hughes,* 770 S.W.2d 635, 637 (Tex.App.—Houston [1st Dist.] 1989, no writ).

In his first point of error, Greenwood asserts the trial court erred in dismissing the suit because the contractual forum selection clauses do not deprive the trial court of its ability to exercise personal jurisdiction over Tillamook.

In support of his argument, Greenwood cites *Dowling v. NADW Marketing, Inc.,* 578 S.W.2d 475, 475–76 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.), *Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983), and *Fidelity Union Life Insurance Co. v. Evans,* 477 S.W.2d 535, 537 (Tex.1972). These cases are not applicable because they stand for the proposition that parties cannot enforce venue provisions in contravention of *specific venue statutes.* In this case, there is no specific venue statute.

■ Tillamook, in response to point of error one, agrees the forum selection clauses do not deprive the trial court *of its ability to exercise personal jurisdiction* over Tillamook. It is not Tillamook's position that it is *not amenable to personal jurisdiction in Texas,* but rather that the trial court had the authority to refuse to exercise personal jurisdiction over Tillamook because of the forum selection clauses in the contracts between the parties. We agree with Tillamook.

■ When a party contractually consents to the jurisdiction of a particular state, that state has jurisdiction over that party if the state will enforce the type of forum selection clause signed by the party. *Barnette v. United Research Company,* 823 S.W.2d 368, 370 (Tex.App.—Dallas 1991, writ denied); *Monesson v. National Equip. Rental,* 594 S.W.2d 780, 781 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). In the present case, the Oregon court where related litigation is pending between Greenwood and Tillamook has already ruled that Greenwood's consent to Oregon jurisdiction is valid and enforceable in Oregon.

■ However, even though Oregon courts have jurisdiction, neither they, nor Texas courts, are *bound* by forum selection clauses if the interests of the witnesses and of the public strongly favor jurisdiction in a forum other than the one consented to in the contract. *Sarieddine v. Moussa,* 820

S.W.2d 837, 839 (Tex.App.—Dallas 1991, writ denied). In the present case, the trial court had the authority to weigh the evidence and arguments and reach a decision about whether it *should* enforce the forum selection clauses. The record in this case supports the conclusion that the trial court exercised its discretion in this matter, concluding that it *should* not exercise jurisdiction in this case, rather than concluding it had *no ability* to exercise personal jurisdiction over Tillamook.

Greenwood also argues under point of error one that a special appearance is not the appropriate procedural mechanism for enforcement of a forum selection clause. Greenwood asserts the trial court erred in not utilizing the more appropriate mechanism of an injunction proceeding.

We note that Greenwood did not request an evidentiary hearing or a temporary injunction type of proceeding; both parties proceeded with written pleadings supported by affidavits. Greenwood has failed to preserve the right to complain on appeal. TEX. R.APP.P. 52(a).

Further, in addition to the special appearance, Tillamook filed an alternative motion to dismiss, apparently at the trial court's suggestion. Such a procedure for addressing forum selection clauses was utilized by the courts in both *Barnette* and *Sarieddine*. *Barnette*, 823 S.W.2d at 368–69; *Sarieddine*, 820 S.W.2d at 839.

We overrule Greenwood's point of error one.

In his second point of error, Greenwood asserts the trial court erred in dismissing his suit for want of personal jurisdiction over Tillamook because Tillamook has sufficient minimum contacts with the State of Texas, such that the trial court's exercise of personal jurisdiction over Tillamook would not violate the due process clause of the fourteenth amendment.

Tillamook, in the trial court and on appeal, has consistently admitted it has sufficient minimum contacts in Texas to authorize the trial court to exercise personal jurisdiction over it. As discussed under point of error one, the issue in the trial court was not whether the trial court *could* exercise personal jurisdiction over Tillamook, but whether it *should* exercise jurisdiction in this case.

We overrule point of error two.

We affirm the judgment.