ACCELERATED CHRISTIAN
EDUCATION, INC.,
Appellant,

v.

ORACLE CORPORATION and
Gregory Brady, Appellees.

No. 05–95–00049–CV.

Court of Appeals of Texas,
Dallas.

March 7, 1996.

---

Jennifer Judin, Spear Downs & Judin, P.C., Dallas, TX, for Appellant.

Mary L. Murphy, Jenkens & Gilchrist, Dallas, TX, for Appellees.

Before KINKEADE, OVARD, and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Accelerated Christian Education, Inc. (Accelerated) sued Oracle Corporation and Gregory Brady (collectively, appellees) for breach of contract, violations of the Texas Deceptive Trade Practice–Consumer Protection Act (DTPA), negligent misrepresentation, breach of warranty, fraud, promissory estoppel, and gross negligence. The trial court granted Oracle's motion to dismiss the cause because of improper forum.[1] In six points of error, Accelerated contends the trial court erred in dismissing its claims because (1) the contract's forum selection clause was unenforceable, impermissibly waived Accelerated's rights under the DTPA, did not apply to Accelerated's tort claims, and violated the open courts provision of the Texas Constitution; (2) Texas was a more favorable forum for the litigation than Cali-

---

1. Both Accelerated and appellees interchange the terms "venue" and "forum." Because "venue" has a particular legal meaning in Texas, we take the liberty of using "forum" to describe the forum selection subject matter and use "venue" only in its technical, legal sense.

fornia; and (3) appellees waived their right to complain about improper forum by failing to enter a special appearance or file a motion to transfer venue. In an additional point of error, Accelerated contends the trial court erred in dismissing its claims against Brady because the forum selection clause in the parties' agreements did not apply to him. We affirm the trial court's order dismissing Accelerated's claims.

## BACKGROUND

Accelerated is a Texas corporation with its principal office in Denton County, Texas. Accelerated designs and markets educational materials for home study and Christian educational institutions. Oracle is a California corporation that designs and markets computer software and related services. Brady was Oracle's regional sales manager in Dallas County, Texas.

Accelerated decided to upgrade its computer system. Accelerated entered into two contracts with Oracle. The contracts gave Accelerated a license to Oracle's software and provided Accelerated with technical support and consulting services in connection with the software. Both contracts specified that California law would govern the contracts. Each contract contained the following clause:

> In any legal action relating to this Agreement, [Accelerated] agrees (a) to the exercise of jurisdiction over it by a state or federal court in San Francisco or San Mateo County, California; and (b) that if [Accelerated] brings the action, it shall be instituted in one of the courts specified in subparagraph (a) above. Oracle may institute legal action in any appropriate jurisdiction.

A few months after Oracle began delivering software and services under the contracts, Accelerated became dissatisfied with both Oracle's software and services. Accelerated concluded Oracle could not comply

with the parties' agreements and sued Oracle and Brady in Dallas County.[2]

Oracle moved to dismiss Accelerated's claims, contending the contracts' forum selection clause precluded Accelerated from filing suit in Dallas County. The trial court agreed and dismissed Accelerated's claims. This appeal followed.

## MOTION TO TRANSFER VENUE/SPECIAL APPEARANCE

In its sixth point of error, Accelerated contends the trial court erred in dismissing its claims because appellees neither (1) entered a special appearance, nor (2) moved to transfer venue. Accelerated maintains this failure waived appellees' improper forum complaint.

### 1. Applicable Law

#### a. Special Appearance

Under rule 120a of the Texas Rules of Civil Procedure, a party may make a special appearance "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant *on the ground that such party or property is not amenable to process issued by the courts of this State.*" TEX.R.CIV.P. 120a (emphasis added). A special appearance is a specific procedural mechanism to litigate one issue. *See Texas Commerce Bank N.A. v. Interpol '80 Ltd. Partnership,* 703 S.W.2d 765, 775 (Tex.App.—Corpus Christi 1985, no writ). The rule applies only when a defendant contends he is not amenable to process. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 202 (Tex.1985); *Oliver v. Boutwell,* 601 S.W.2d 393, 395 (Tex.Civ.App.—Dallas 1980, no writ); *Donald v. Agricultural Livestock Fin. Corp.,* 495 S.W.2d 592, 595 (Tex.Civ.App.—Fort Worth 1973, no writ).

**2.** The lawsuit that is the subject of this appeal is the second lawsuit Accelerated filed. Oracle removed the first suit to federal court and then moved to dismiss for improper forum. Before the federal court ruled on Oracle's motion, Accel-

erated dismissed its lawsuit. It then filed this lawsuit in Texas state court. Other than joining Brady as a party, this lawsuit is identical to the first lawsuit.

### b. Motion to Transfer Venue

The rules of civil procedure provide a mechanism for transferring a case between Texas counties. *See* TEX.R.CIV.P. 86. To preserve an objection to improper venue, a party must file a motion to transfer venue before or concurrently with any other plea, pleading, or motion. The only exception to this rule is a special appearance motion under rule 120a. *See id.*

### 2. Application of Law to Facts

### a. Special Appearance

■ Parties use a special appearance to protest the trial court's jurisdiction over the person or property because they are not amenable to process in this State. *See* TEX. R.CIV.P. 120a. Here, appellees contended that Accelerated had no right to sue in a forum other than the one on which they had agreed—not that they were not amenable to process. Because a special appearance addresses jurisdiction not contractual forum selection clauses, we conclude appellees could not waive their complaint by failing to enter a special appearance.

### b. Motion to Transfer Venue

■ Accelerated cites no authority to support its claim that a party seeking to avoid suit in Texas because of a forum selection clause must first file a motion to transfer venue. Nor does our research reveal any cases that require a party to move to transfer venue to enforce an out-of-state contractual forum selection clause. Moreover, Accelerated cites no authority that holds a Texas state court has the *power* to transfer a case to another state's court. Indeed, the law appears to be to the contrary. *See Tieuel v. Southern Pac. Transp. Co.*, 654 S.W.2d 771, 774 n. 1 (Tex.App.—Houston [14th Dist.] 1983, no writ) (noting court had no authority to transfer case to Louisiana); *West v. City Nat'l Bank*, 597 S.W.2d 461, 464 (Tex.Civ.App.—Beaumont 1980, no writ) (noting plea of privilege effective only to transfer case from one county in Texas to another county in Texas). We decline to enlarge Texas law by holding that Oracle must first file a motion to transfer venue to avoid suit in Texas or forever waive its right to enforce an out-of-state contractual forum selection clause.

### c. Motion to Dismiss

■ In *Barnette v. United Research Co.*, 823 S.W.2d 368, 369 (Tex.App.—Dallas 1991, writ denied), we upheld the trial court's order dismissing the plaintiff's claims because of a forum selection clause. Other courts have upheld motions to dismiss that had as their basis forum selection clauses. *See Busse v. Pacific Cattle Feeding Fund # 1, Ltd.*, 896 S.W.2d 807, 812–13 (Tex.App.—Texarkana 1995, writ denied) (using motion to dismiss to challenge venue based on forum selection clause); *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 657 (Tex.App.—Houston [1st Dist.] 1993, no writ) (same); *Pozero v. Alfa Travel, Inc.*, 856 S.W.2d 243, 244 (Tex.App.—San Antonio 1993, no writ) (same). We conclude that a motion to dismiss is a proper mechanism to enforce a forum selection clause that selects another state as the proper forum for litigation. We overrule Accelerated's sixth point of error.

### MORE FAVORABLE FORUM

In its fifth point of error, Accelerated contends the trial court erred in dismissing its claims because Texas is a more favorable forum for the litigation than California. Accelerated contends the interest of the witnesses and the public strongly favors keeping this litigation in Texas.

### 1. Applicable Law

■ Forum selection clauses are valid in Texas. *See Busse*, 896 S.W.2d at 812. When a party contractually consents to the jurisdiction of a particular state, that state has jurisdiction over that party as long as the agreed-to state will enforce the type of forum selection clause signed by the parties. *See Barnette*, 823 S.W.2d at 370; *see also Greenwood*, 857 S.W.2d at 656. California enforces forum selection clauses as long as it would not be unreasonable to do so. *See Smith, Valentino & Smith, Inc. v. Superior Ct.*, 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206, 1209 (1976) (holding forum selection clauses

enforceable in absence of showing that enforcement would be unreasonable); *Lu v. Dryclean–U.S.A. of Cal., Inc.*, 11 Cal.App.4th 1490, 14 Cal.Rptr.2d 906, 907 (1992) (same). Nevertheless, a forum selection clause does not bind a Texas court if the witnesses' and the public's interest strongly favors jurisdiction in a forum other than the one the parties agreed to in the contract. *See Sarieddine v. Moussa*, 820 S.W.2d 837, 839 (Tex.App.— Dallas 1991, writ denied); *see also Greenwood*, 857 S.W.2d at 656.

## 2. Application of Law to Facts

■ Here, the parties contracted to bring any causes of action "relating to" the parties' agreements in a San Mateo or San Francisco County, California court. California will enforce a forum selection clause as long as enforcing the clause is not unreasonable. *See Smith*, 131 Cal.Rptr. at 377, 551 P.2d at 1209; *Lu*, 14 Cal.Rptr.2d at 907. Nothing in the agreement indicates that enforcing the contract in California would be unreasonable.

### a. Witnesses' Interest

Walter Baines, Accelerated's vice president of finance, testified by affidavit. Baines signed the contracts in question. Baines believed a Texas court should try the case because (1) all of Accelerated's agents with knowledge of the transactions are in Texas, and (2) all negotiations and performance took place in Texas. Additionally, Baines *believed* that employees from other companies involved in the transaction were also located in Texas.

■ Although Accelerated argues that its witnesses' interest compels that the litigation remain in Texas, it waived its right to assert its own inconvenience by agreeing to the valid forum selection clause. *See Sarieddine*, 820 S.W.2d at 839. Consequently, we give little weight to the interest of Accelerated's witnesses in determining whether Texas should retain jurisdiction.

We do recognize that the interest of appellees' witnesses arguably favors litigating in California. The record shows that (1) Oracle's headquarters are located in California, (2) Accelerated ordered the software from California, and (3) Oracle administered the technical support from California. Thus, many of the potential witnesses appear to be located in California. We conclude the interest of the witnesses does not *strongly* favor keeping this litigation in Texas.

### b. The Public's Interest

■ Here, the parties agreed to litigate any disputes "relating to" the agreements in California. Two sophisticated parties in an arm's length commercial transaction negotiated the agreements, and neither side objected to the forum selection clause. Although Texas has a significant interest in remedying civil injury to Texas citizens,[3] Texas also recognizes the validity of forum selection clauses and the right of parties to contractually select their forum for future litigation.

■ Accelerated argues enforcing the forum selection clause will frustrate the "public's interest" because Accelerated will then be deprived of its rights under the Texas DTPA. We disagree. Enforcing the forum selection clause does not automatically determine the law applicable to the case. *See Barnette*, 823 S.W.2d at 370 (enforcing forum selection clause required New Jersey court to determine law applicable to case). A California court may well determine, under its choice-of-law principles, that Texas law, including the DTPA, applies. We conclude the public's interest does not *strongly* favor keeping this litigation in Texas.[4]

The trial court did not err in rejecting Accelerated's claim that Texas was a more favorable forum for the litigation. We overrule Accelerated's fifth point of error.

## TORT CLAIMS

In its third point of error, Accelerated contends the trial court erred in dismissing

**3.** *See Caton v. Leach Corp.*, 896 F.2d 939, 943 (5th Cir.1990).

**4.** That another state's law materially differs from Texas law does not, in and of itself, establish that applying the other state's law would offend some fundamental policy of this State. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 680 (Tex. 1990), *cert. denied*, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991).

its tort claims because the forum selection clause does not apply to those claims.

### 1. Applicable Law

When a party contractually consents to a particular state's jurisdiction, that state has jurisdiction over the party if the state will enforce the type of forum selection clause signed by the parties. *See Barnette,* 823 S.W.2d at 370; *see also Greenwood,* 857 S.W.2d at 656. Pleading alternate noncontractual theories of recovery will not alone avoid a forum selection clause if those alternate claims arise out of the contractual relations and implicate the contract's terms. *See Barnette,* 823 S.W.2d at 370; *see also Cal–State Business Prods. & Servs., Inc. v. Ricoh,* 12 Cal.App.4th 1666, 16 Cal.Rptr.2d 417, 423 (1993) (concluding that forum selection clause encompasses all causes of action arising from or relating to agreement regardless of how claims are characterized).

### 2. Application of Law to Facts

Here, Accelerated's petition asserts causes of action for breach of contract, negligent misrepresentation, violations of the DTPA, fraud, and gross negligence.[5] Nevertheless, all of the claims arise out of the parties' contractual relations and necessarily implicate the contracts' terms. Thus, we conclude the claims "relate to" the agreements executed by the parties.

The facts of this suit closely parallel those considered by the court in *Hoffman. See Hoffman v. Burroughs Corp.,* 571 F.Supp. 545, 547 (N.D.Tex.1982). There, the plaintiffs sued Computax and Burroughs for violations of the DTPA, fraudulent misrepresentation, and breach of implied warranties. The plaintiffs alleged the defendants misrepresented certain facts to induce them to purchase the defendants' computer system and related services. The defendants moved to transfer the case to California because of a contractual forum selection clause in the parties' agreement which stated that "any action relating to this License Agreement shall be instituted and prosecuted in the Courts of San Diego County, California." The court concluded the action "related to" the agreement. In reaching its decision, the court specifically stated that the plaintiffs' claims for "fraudulent inducement into contract and breach of warranties impliedly made upon entering [the] agreement [were] undoubtedly related to that agreement." *See id.* We reach a similar conclusion in this case.

Accelerated relies on *Pozero, Caton,* and our opinion in *Decision Control Systems, Inc. v. Personnel Cost Control, Inc.,* to show that the forum selection clause in this case does not apply to any of appellees' misrepresentations made *before* the contracts' execution. *See Caton,* 896 F.2d at 942; *Pozero,* 856 S.W.2d at 245; *Decision Control Systems, Inc. v. Personnel Cost Control, Inc.,* 787 S.W.2d 98 (Tex.App.—Dallas 1990, no writ). Accelerated misplaces it reliance.

In *Pozero,* the plaintiffs sued their travel agent and a cruise line for misrepresentations made in connection with the purchase of certain "cancellation insurance." The cruise line moved to dismiss the Pozeros' claims because its cruise ticket contract contained a forum selection clause. The San Antonio Court of Appeals rejected the cruise line's argument, noting that the Pozeros' claims arose out of the purchase of cancellation insurance, not the cruise ticket contract. *Pozero,* 856 S.W.2d at 245.[6] Because the Pozeros' claims did not arise out of the cruise ticket contract, the court concluded the forum selection clause in the cruise ticket contract was inapplicable. Here, unlike *Pozero,* Accelerated's claims arise out of the parties' agreements.[7]

---

5. With respect to Accelerated's negligent misrepresentation and gross negligence claims, Accelerated's petition simply references the earlier described conduct and states that it constitutes an actionable tort.

6. In reaching its decision, the court specifically noted that the Pozeros did not (1) plead the cruise ticket contract, or (2) raise any issue about the *contents* of the cruise ticket contract. *Pozero,* 856 S.W.2d at 245.

7. Among other things, Accelerated claimed that appellees misrepresented (1) the new system's ability to meet Accelerated's needs, (2) appellees' ability to integrate and deliver the system within twenty-eight weeks, and (3) appellees' ability to correct defects with the new system. These representations are issues that go to the very heart

Both *Caton* and *Decision Control* contained different contract language than the language contained in the contracts in this matter. The contract in *Caton* did not contain a forum selection clause, it contained a choice-of-law clause. *Caton's* relevant contract provision stated that "[t]his Agreement shall be construed under the laws of the State of California." *Caton*, 896 F.2d at 942. Nor did *Decision Control's* contract contain a forum selection clause. The *Decision Control's* contract provided that "all questions as to rights and obligations *arising under the terms of this Agreement* are subject to arbitration...." *Decision Control*, 787 S.W.2d at 99.

Accelerated's tort claims not only "relate to" the parties' agreements, but also necessarily implicate the contracts' terms. Accelerated cannot avoid the consequences of the forum selection clause by pleading the claims as alternate noncontractual theories of recovery. The trial court properly concluded that the forum selection clause applied to Accelerated's tort claims.[8] We overrule Accelerated's third point of error.

## SPECIFIC VENUE STATUTE

In its first point of error, Accelerated contends the trial court erred in dismissing its claims because the forum selection clause contravenes a specific venue statute.

### 1. Applicable Law

The DTPA contains a specific venue provision. *See* Tex.Bus. & Com.Code Ann. § 17.56 (Vernon 1987). A party may bring a DTPA action for relief in the county in which (1) the defendant resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought; (2) the alleged act or practice occurred; or (3) the defendant or an authorized agent of the defendant solicited the transaction that is the subject of the action. *Id.*

### 2. Application of Law to Facts

 Accelerated relies on *Leonard v. Paxson*, 654 S.W.2d 440 (Tex.1983), *Fidelity Union Life Insurance Co. v. Evans*, 477 S.W.2d 535 (Tex.1972), and *International Travelers' Ass'n v. Branum*, 109 Tex. 543, 212 S.W. 630 (1919), as support for its claim that Texas will not enforce a forum selection clause that contravenes a specific venue statute. *Paxson* and *Evans* involved transfers between Texas counties. Because this case involves moving a suit out-of-state rather than transferring it to another county, these cases cannot control.[9]

Appellant also misplaces his reliance on *Branum*. At the time *Branum* was decided, most American courts viewed agreements that effectively deprived courts of jurisdiction as contrary to public policy and unenforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 6, 92 S.Ct. 1907, 1911, 32 L.Ed.2d 513 (1972). However, since that time, courts have taken a more favorable view of forum selection clauses. *See id.* at 10, 92 S.Ct. at 1913 (noting that many courts are beginning to adopt more hospitable attitude toward forum selection clauses); *see also Greenwood*, 857 S.W.2d at 656; *Barnette*, 823 S.W.2d at 369–70. This Court, in *Barnette*, opined that Texas public policy no longer prohibits enforcing forum selection clauses if the designated forum would enforce the clause at issue. *See Barnette*, 823 S.W.2d at 370. Moreover, courts now consider forum selection clauses prima facie valid and enforceable absent a showing that enforcement would be unreasonable under the circumstances. *See M/S Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913; *Marklyn Controls Supply v. Pall Trinity Micro Corp.*, 862 F.Supp. 140, 141 (W.D.Tex.1994). Given this recent trend toward enforcing valid forum selection clauses, we conclude the Supreme Court's decision in *Branum* is no longer controlling.

of the parties' agreements. Thus, unlike the claims in *Pozero*, they do raise issues as to the content of the parties' agreements.

**8.** We note our decision today is in accord with the supreme court's most recent pronouncement on this issue. *See Crawford v. Ace Sign, Inc.*, 917

S.W.2d 12 (1996) (holding nonperformance of contract not actionable under DTPA).

**9.** We note additionally that *Paxson* and *Evans* involved *mandatory* venue statutes, and the DTPA venue provision is permissive. *See Paxson*, 654 S.W.2d at 441; *Evans*, 477 S.W.2d at 536.

Here, two sophisticated parties in an arm's length commercial transaction agreed to litigate any disputes "relating to" their agreements in San Francisco or San Mateo County, California. Under these circumstances and in light of "present-day commercial realities," we conclude the parties' agreements should be honored and the forum selection clause enforced. *See M/S Bremen,* 407 U.S. at 12, 15, 92 S.Ct. 1907, 1914, 1916.[10] We overrule Accelerated's first point of error.

## WAIVER

In its second point of error, Accelerated contends the trial court erred in dismissing its DTPA claims because the forum selection clause in the parties' agreements constitutes an impermissible waiver of Accelerated's right to maintain "venue" in Dallas County. It also argues the clause waived its right to seek relief under the DTPA because transferring this case to California would automatically make the Texas DTPA inapplicable.[11]

### 1. Applicable Law

#### a. DTPA

The DTPA contains a nonwaiver provision. *See* Tex.Bus. & Com.Code Ann. § 17.42 (Vernon Supp.1996). Any waiver of rights under the DTPA is void and unenforceable as against public policy. *See id.*

#### b. Party Autonomy Rule

The party autonomy rule allows parties to a contract to specify which laws will govern the contract. *See Wydel Assocs. v. Thermasol, Ltd.,* 452 F.Supp. 739, 742 (W.D.Tex.1978); *see also DeSantis,* 793 S.W.2d at 677. A forum selection clause that specifies the parties will litigate in a forum other than the forums the DTPA provides does not constitute an impermissible waiver

of rights under the DTPA. *See Wydel Assocs.,* 452 F.Supp. at 742.

### 2. Application of Law to Facts

Although we have found no Texas cases directly addressing Accelerated's claim that the forum selection clause impermissibly waived Accelerated's rights under the DTPA, a federal court addressed and rejected a similar argument. *See id.* We agree that contractually selecting a forum for future litigation is not an impermissible waiver of rights under the DTPA, especially when the contracting parties are highly sophisticated and knowledgeable. *See Hoffman,* 571 F.Supp. at 550. The trial court properly rejected this argument. We overrule Accelerated's second point of error.

## OPEN COURTS PROVISION

In its seventh point of error, Accelerated contends the trial court erred in dismissing its claims because the forum selection clause violates the open courts provision of the Texas Constitution. *See* Tex. Const. art. I, § 13.

### 1. Applicable Law

To preserve a complaint for appellate review, a party must make a timely objection in the trial court stating the specific grounds for the ruling desired. *See* Tex. R.App.P. 52(a); *see also McCain v. NME Hosps., Inc.,* 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no writ); *Cannon v. Lemon,* 843 S.W.2d 178, 183 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Thompson v. Ereckson,* 814 S.W.2d 805, 808 (Tex.App.—Waco 1991, no writ). Failure to raise a constitutional challenge in the trial court waives the claim on appeal. *See*

---

10. In *M/S Bremen,* the Supreme Court recognized the need, given "present-day commercial realities," to allow parties engaged in multi-jurisdictional transactions to bring certainty to the transactions by pre-selecting a forum for future disputes. *See M/S Bremen,* 407 U.S. at 14–15, 92 S.Ct. at 1915–16. We note that a number of federal courts have transferred DTPA claims to other states based on forum selection clauses, without any apparent concern that the action would contravene a specific venue statute of this

State. *See Brock v. Entre Computer Ctrs., Inc.,* 740 F.Supp. 428, 429, 433 (E.D.Tex.1990); *Hoffman,* 571 F.Supp. at 547, 551.

11. We now, as we did earlier, that enforcing the forum selection clause does not in any way determine the law applicable to the case. *See Barnette,* 823 S.W.2d at 370. Thus, enforcing the forum selection clause does not necessarily prevent Accelerated from obtaining relief under the Texas DTPA.

*McCain*, 856 S.W.2d at 755 (due process and due course of law provisions); *Cannon*, 843 S.W.2d at 183 (equal protection and due process claims); *Thompson*, 814 S.W.2d at 808 (open courts provision).

### 2. Application of Law to Facts

Accelerated did not object to the trial court's dismissing the case as violating the open courts provision. Because Accelerated did not object in the trial court, it did not preserve this complaint for our review. We overrule Accelerated's seventh point of error.

### CLAIMS AGAINST BRADY

In its fourth point of error, Accelerated contends the trial court erred in dismissing its claims against Brady because he was not a party to the agreements signed between Accelerated and Oracle. It then argues that because Brady was not a party, the forum selection clause could not apply to him.

### 1. Applicable Law

In federal court, forum selection clauses have been applied to nonsignatories to a contract who are "transaction participants." *See, e.g., Brock*, 740 F.Supp. at 431; *Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D.Ill. 1984). A valid forum selection clause applies to all transaction participants. *See Brock*, 740 F.Supp. at 430–31.

### 2. Application of Law to Facts

The parties cite no Texas cases that directly address the issue of whether a forum selection clause can apply to one who was not a signatory to the contract. Nor has our research revealed any Texas cases on point.[12]

We agree with the federal court that a valid forum selection clause governs all transaction participants, regardless of wheth-er the participants were actual signatories to the contract. By transaction participant, we mean an employee of one of the contracting parties who is individually named by another contracting party in a suit arising out of the contract containing the forum selection clause. To hold otherwise would allow a nonsignatory employee, who was a transaction participant, to defeat his company's agreed-to forum by refusing to be bound by the employer's contract. This cannot be. We conclude the trial court may apply a valid forum selection clause to all transaction participants.[13] To conclude otherwise would enable a party to bypass a valid forum selection clause by naming in its petition a closely-related party who was not a party to the contract. *See Lu*, 14 Cal.Rptr.2d at 908. The trial court properly dismissed Accelerated's claims against Brady. We overrule Accelerated's fourth point of error.

We affirm the trial court's order dismissing Accelerated's claims.

---

**12.** Although Accelerated cites *Prudential–Bache Securities, Inc. v. Garza*, 848 S.W.2d 803 (Tex. App.—Corpus Christi 1993, no writ), and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Longoria*, 783 S.W.2d 229 (Tex.App.—Corpus Christi 1989, no writ), as analogous to this issue, we conclude these cases are inapplicable. Both *Garza* and *Longoria* involved application of an arbitration clause to a nonparty. An arbitration clause, unlike a forum selection clause, completely deprives the parties of *any* judicial forum for their complaints. Because a forum selection clause only specifies the judicial forum in which the parties may litigate their complaints, we do not find *Garza* and *Longoria* controlling.

**13.** The claims made against Brady are identical to the claims asserted against Oracle. The allegations in the petition do not even mention Brady specifically; instead, they refer generically to the "Defendants' " conduct.