Opinion issued January 31, 2008








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00053-CV




SATTERWHITE AVIATION SERVICE, INC., Appellant

V.

INTERNATIONAL PROFIT ASSOCIATES, INC., Appellee




On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2006-45313




MEMORANDUM OPINION
          Satterwhite Aviation Services, Inc. sued International Profit Associates, Inc.
(“IPA”) alleging causes of action under the Texas Deceptive Trade Practices -
Consumer Protection Act (“DTPA”), common law fraud, and negligent
misrepresentation. IPA moved to dismiss the suit, claiming that a mandatory venue
provision mandated jurisdiction in Lake County, Illinois. The trial court granted the
motion to dismiss, and Satterwhite appealed. 
          In its sole issue, Satterwhite argues that the motion to dismiss was improperly
granted because the trial court misconstrued the plain language of the agreement in
holding that Lake County, Illinois was the mandated forum. We affirm.
Background
          In June 2006, Satterwhite entered into an agreement with IPA for it to provide
business consulting services to Satterwhite. Included in that agreement was an
arbitration and forum selection clause, which read as follows:
At [Satterwhite’s] election, [IPA] agree[s] that all disputes of any kind
between the parties arising out of or in connection with these respective
independent agreements shall be submitted to binding arbitration which
would be administered by the American Arbitration Association or
National Arbitration and Mediation. With regard to all other matters,
exclusive jurisdiction and venue shall vest in the Nineteenth Judicial
District of Lake County, Illinois, Illinois law applying.
 
          One month later, Satterwhite sued IPA in Harris County, Texas for common
law fraud, violations of the DTPA, and negligent misrepresentation. IPA filed a
motion to dismiss, and, after a hearing, the trial court granted IPA’s motion.
 
 
Standard of Review
          We review the enforcement of a forum selection clause for an abuse of
discretion. Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc., 177 S.W.3d 605,
610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). However, we review contractual
interpretation of a forum selection clause de novo. Id.
Forum Selection Clause
          In our analysis, we must determine whether the parties have contracted to
“submit to a particular jurisdiction.” In the present case, Satterwhite argues that the
first sentence of the arbitration and forum selection clause—“disputes of any kind out
of or in connection with these respective independent agreements”— does not choose
a particular jurisdiction, but gives Satterwhite an option of either submitting its claims
to arbitration or filing suit (it is silent regarding the venue for claims arising out of the
agreement). Satterwhite argues that the second sentence of the clause—“with regard
to all other matters”—chooses the jurisdiction of Lake County, Illinois, as it pertains
to any claims that do not arise out of or in connection with the independent agreement
at issue.
          When interpreting a contract, we must first determine whether the provisions
in question are ambiguous. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983). A
contract is ambiguous if, after examining the contract as a whole in light of the
circumstances existing at the time the contract was signed and after applying the rules
of construction, its meaning is uncertain and doubtful or it is reasonably susceptible
to more than one meaning. Id. at 393.
          Satterwhite argues that an absence of a mandatory venue requirement in the
arbitration phrase means that Satterwhite could file a lawsuit in any court with
jurisdiction where proper venue lay. It further asserts that lack of a mandatory venue
requirement in the arbitration phrase is ambiguous because it could refer to any
county and state where IPA has purposefully availed itself and established minimum
contacts sufficient to confer jurisdiction. We disagree. The arbitration and forum
selection clause requires any Satterwhite claim against IPA to be litigated in Lake
County, Illinois. 
          In Texas, forum selection clauses are enforceable provided (1) the parties have
contractually consented to submit to a particular jurisdiction and (2) the other state
recognizes the validity of such provisions. Greenwood v. Tillamook Country Smoker,
Inc., 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ).
          Satterwhite argues that, if it chose not to arbitrate, in the absence of a
mandatory venue requirement, it could file a lawsuit in any court with jurisdiction
where proper venue lay. When interpreting contracts, the primary concern of this
Court is to give effect to the parties’ intentions as expressed in the contract. See
Lenape Resources Corp. v. Tennessee Gas Pipeline Co., 925 S.W.2d 565, 574 (Tex.
1996). In determining the parties’ intentions, intent must be taken from the
agreement itself, not from the parties’ present interpretation. Sun Oil Co. (Delaware)
v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981). The agreement will be enforced as the
parties have made it, without regard to whether they contracted wisely. See
Jamestown Partners, L.P. v. City of Fort Worth, 83 S.W.3d 376, 381 (Tex.
App.—Fort Worth 2002, pet. denied).
          The phrase “[w]ith regard to all other matters” refers to matters that are not
submitted to binding arbitration. Consequently, when the forum selection phrase is
read in the context of the arbitration phrase contained in the same clause, its meaning
becomes clear—Satterwhite can (1) elect to submit the controversy to binding
arbitration or (2) file suit in Lake County, Illinois. Therefore, unless it opted to
submit the claim to arbitration, Satterwhite was bound by the terms of the agreement
to bring this suit in Lake County, Illinois. Accordingly, the trial court did not abuse
its discretion in granting IPA’s motion to dismiss, and we overrule Satterwhite’s sole
issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.