George L. HACHAR et al., Appellants,

v.

COUNTY OF WEBB, Texas, et al., Appellees.

No. 15964.

Court of Civil Appeals of Texas, San Antonio.

March 15, 1978.

Rehearing Denied April 5, 1978.

Lawrence A. Mann, Mann, Cronfel, Dickinson & Saldana, Nat B. King, Laredo, for appellants.

Harvey L. Hardy, San Antonio, for appellees.

MURRAY, Justice.

George L. Hachar and others, residents and taxpayers of Webb County, Texas, brought this suit for injunction against Webb County, Texas, to prevent the removal of the county courthouse of Webb County to a site outside the county seat of Webb County without an election, as required by Tex.Rev.Civ.Stat.Ann. art. 1596 (1962). This is an appeal from a judgment rendered by the court below granting a plea to the jurisdiction which had been filed by the defendants, dismissing this suit at plaintiffs' cost.

The only issue before this Court is whether the trial court committed error by granting defendants' plea to the jurisdiction. Jurisdiction, at a hearing on the plea to the jurisdiction, is properly determined solely by the allegations in the plaintiffs' pleading, and these allegations are taken as true. *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466 (1949).

Plaintiffs, in their petition, have alleged that they are taxpayers of Webb County and that the Commissioners Court of Webb County has purchased land outside of the county seat for the purpose of constructing a new county courthouse and, by resolution, has decided to build the county courthouse on this land. Plaintiffs further allege that such act on the part of the Commissioners Court is illegal in that it is in violation of Tex.Rev.Civ.Stat.Ann. art. 1603. (1962), which requires that the courthouse be located at the county seat. As this is an appeal from an order sustaining the defendants' plea to the jurisdiction, we must assume that the above facts are true.

We have examined defendants' pleadings and it appears that they base their plea to the jurisdiction on the ground that plaintiffs' petition shows on its face that it is an attempt by plaintiffs to contest the legal right of Commissioners Court to provide for the location and construction of a new courthouse for Webb County. We agree with defendants that plaintiffs have no standing to bring suit for injunction to enjoin the Commissioners Court from doing an act that they have a legal right to do. However, it is the case alleged, and not such case as the evidence may show to be actually existent upon which the question of jurisdiction arises in this suit. *Jones v. Maples*, 184 S.W.2d 844 (Tex.Civ.App.—Eastland 1944, writ ref'd).

The cases cited by defendants are not in point in that they all involve an attempt to enjoin a local legislative body from performing a legal act.

*Worsham v. Richards*, 46 Tex. 441 (Tex. 1877) was a suit by a local taxpayer to enjoin the county from changing the county seat by lawful means. We agree with the Supreme Court, who said, at 447:

But upon this particular question of the removal of the county seat, the decisions of this court have been numerous and uniform, from an early period to the present, that no such vested right exists as will authorize this proceeding in court to redress it. Following those decisions

on this ground, we must affirm the judgment of the District Court dismissing the petition of plaintiffs.

■ The present suit is not a suit to enjoin the Commissioners Court from removing the county seat from one location to another within Webb County, but is a suit to enjoin the Commissioners Court from spending public funds to build the courthouse outside of the county seat in violation of law. We hold that a taxpayer may bring an action to restrain the illegal expenditure of tax money by the Commissioners Court. His interest in the subject matter is sufficient to support the action. *Deacon v. City of Euless*, 405 S.W.2d 59 (Tex.1966); *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956). In *Deacon v. City of Euless*, Chief Justice Calvert put his finger on the controlling point as follows:

Since the cause must be remanded to the trial court, it seems imperative for the guidance of the trial court that we consider the holding of the Court of Civil Appeals that the plaintiffs have no right to maintain and prosecute their suit. We disagree with that Court's holding. If the territory sought to be annexed exceeds the limits prescribed by the Legislature, the ordinances are in direct violation of Art. 970a and are declared null and void by the very terms of that statute. A taxpayer may maintain a suit challenging the validity of ordinances which are utterly void because not authorized by law or color of law.

■ The location of the courthouse outside of the county seat is not authorized by law or color of law.

The judgment of the trial court is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.