Joe POZERO, Jr. & wife, Dorothy M. Pozero, Appellants,

v.

ALFA TRAVEL, INC. & American Hawaii Cruises, Inc., Appellees.

No. 04–92–00410–CV.

Court of Appeals of Texas, San Antonio.

May 26, 1993.

Rehearing Denied July 7, 1993.

---

Allen F. Cazier, Barbour & Cazier, San Antonio, for appellants.

Joel H. Klein, Klein & Klein, Inc. and Brennan T. Holland, Groce, Locke & Hebdon, San Antonio, for appellees.

Before BUTTS and CHAPA, JJ., and PRESTON H. DIAL, Jr., Assigned Justice.

## OPINION

PRESTON H. DIAL, Jr., Justice.[1]

This appeal arose out of a DTPA suit against a travel agent (Alfa) and a cruise line (American). The suit was dismissed for want of jurisdiction and improper venue.

According to their original petition, plaintiffs Joe and Dorothy Pozero purchased from defendant Alfa travel services including round-trip airfare to Hawaii and a cruise among the Hawaiian Islands on a ship operated by defendant American. They were offered by Alfa and purchased "Cancellation Insurance," which they were led to believe would entitle them to full refund if unexpectedly they had to cancel the trip.

The cruise ticket contract, later mailed to the Pozeros by American, contained the following forum selection clause:

Any lawsuit arising out of or in any manner relating to this Contract, including but not limiting to lawsuits for loss of or damage to personal property, personal injury or death, must be brought and litigated, if at all, before a court located in the State of California, City and County of San Francisco, including the United States District Court, Northern District of California, to the exclusion of the courts of any other country or located in any other city, county or state of the United States.

Three days before the scheduled departure, Joe Pozero suffered a serious heart attack. The Pozeros immediately notified the defendants and requested a refund under the cancellation insurance. They were told no refund could be made because they had failed to notify the defendants at least four business days prior to the beginning of the cruise.

The Pozeros sued alleging as causes of action, violations of DTPA section 17.-46(b)(5), (7), (12) and (23) and unconscionability. They alleged that Alfa was the agent of American or alternatively that American had ratified Alfa's actions. American filed a motion to dismiss all claims against it alleging improper venue and want of jurisdiction. American cited the forum selection clause in the cruise ticket contract and relied on *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

In *Shute*, a forum selection clause similar to the one relied on by American was enforced against two cruise passengers. The passengers had actually participated in part of the cruise before one was injured. The passengers essentially conceded that they had notice of the forum selection clause. There was no evidence that the cruise line obtained the passengers' accession to the forum clause by fraud or overreaching. The court noted that this was a case in admiralty, and the federal law governs the enforceability of the forum selection clause.

The Pozeros concede that generally a dispute arising out of a cruise ticket contract would fall within admiralty jurisdiction. But they argue that the mere fact that this case involves a proposed cruise on the high seas and a cruise ticket contract does not necessarily make it an admiralty case. The Pozeros argue that they actually are suing on account of misrepresentations having to do with procuring insurance in case they had to cancel their trip. They cite a line of cases for the proposition that while a contract of marine insurance is maritime, an agreement to procure insurance is not maritime and not within the

1. Assigned to this Case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003(b).

jurisdiction of admiralty.[2]

The Pozeros maintain that they are not suing to enforce any right secured by the cruise ticket contract. They are suing on account of the alleged misrepresentations of the local travel agent concerning cancellation insurance. We agree.

In determining the nature of a cause of action, the court looks to the plaintiff's petition as a whole. *Fleetwood Constr. Co., Inc. v. Western Steel Co.*, 510 S.W.2d 161, 165 (Tex.Civ.App.—Corpus Christi 1974, no writ). The pleadings will be construed as favorably as possible for the pleader. *Paradissis v. Royal Indemnity*, 496 S.W.2d 146, 148 (Tex.Civ.App.—Houston [14th Dist.] 1973), *aff'd*, 507 S.W.2d 526 (Tex.1974). We take the allegations in the Pozeros' pleading as true. *Hachar v. County of Webb*, 563 S.W.2d 693, 694 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.).

The Pozeros' causes of action are plead in the language of the Texas Deceptive Trade Practices Act.[3] They are complaining of the conduct of defendants' agent in making certain representations or failing to make certain disclosures. They do not mention in their pleading the cruise ticket contract. They do not raise an issue as to the content of the cruise ticket contract or attempt to enforce or challenge rights emanating from the contract. The only relevance of the contract in a future trial would be whether its undisputed terms differed from the representations of the agent as to the quality and characteristics of the services sold.

We liberally construe the Pozeros' pleadings to allege a lawsuit not arising from the cruise ticket contract or in any manner related to it.

Since the Pozeros allege a cause of action that is solely derived from a Texas statute, they should be entitled to have that cause of action litigated in a Texas court. They should also be entitled to litigate the issue of whether the individual alleged to have violated the DTPA was an agent of the appellees.

The order of dismissal is reversed, and the case is remanded to the trial court.

---

2. *Virginia–Carolina Chem. Co. v. Chesapeake Lighterage & Towing Co.*, 279 F. 684, 686 (2nd Cir.1922); *The Barryton*, 54 F.2d 282, 283–84 (2nd Cir.1931); *Princess Cruises Corp. v. Bayly, Martin & Fay, Inc.*, 373 F.Supp. 762, 763 (N.D.Cal.1974); *J.G. Warner v. The Bear*, 126 F.Supp. 529 (D.C.Alaska 1955); *United Fruit Co. v. U.S. Shipping Board Merchant Fleet Corp.*, 42 F.2d 222 (D.C.D.Mass.1930).

3. *PLAINTIFF'S ORIGINAL PETITION*
   6 Causes of action. Plaintiffs allege that the Defendants, acting through their authorized agent, represented that the services sold to the Plaintiffs had certain characteristics, uses, and benefits which they did not in fact have, in violation of DTPA § 17.46(b)(5). Further, that the Defendants, acting through their authorized agent, represented that the services sold the Plaintiffs were of a particular quality when they were of another, in violation of DTPA § 17.46(b)(7). Further, that the Defendants, acting through their authorized agent, represented that the cancellation insurance agreement conferred or involved certain rights or remedies which it did not have or involve, in violation of DTPA § 17.46(b)(12). Further, that the Defendants, acting through their authorized representative, failed to disclose information concerning the cancellation insurance services which were known at the time of the transaction and which failure to disclose was intended to induce the Plaintiffs into the transaction into which they would not have entered had the information been disclosed. Specifically, the agent failed to disclose the four-day cancellation requirement. Further, the agent failed to disclose the availability of other cancellation insurance in violation of DTPA § 17.46(a)(23). Plaintiffs allege further that such actions were unconscionable as that term is defined by DTPA § 17.50(a)(3). Alternatively, the Defendants were negligent in the conduct described above.