Opinion issued April 6, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00745–CV




JAMES C. CLARK, BOTH INDIVIDUALLY AND D/B/A AUSTIN
FURNITURE CLEARANCE CENTER AND RICKY PAGNOZZI, BOTH
INDIVIDUALLY AND D/B/A PAG’S CLEARANCE CENTER, Appellants

V.

POWER MARKETING DIRECT, INC., D/B/A PMD FURNITURE DIRECT,
ROYAL HERITAGE HOME FURNISHINGS, AND POWER MARKETING
DIRECT, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 0525252





O P I N I O N

          James C. Clark and Ricky Pagnozzi, appellants, brought suit against Power
Marketing Direct, Inc. (Power Marketing), appellee, alleging fraud in the inducement
of a licensing agreement, fraud, and violation of the Texas Deceptive Trade Practices
and Consumer Protection Act. Power Marketing moved to dismiss the suit, claiming
that forum-selection clauses limited jurisdiction to Franklin County, Ohio. The trial
court granted the motion to dismiss, and Clark and Pagnozzi appealed.
          In four points of error, Clark and Pagnozzi argue that the motion to dismiss was
improperly granted because the forum-selection clauses were narrowly drafted; the
claims they assert are pre-contractual; the suit would void the contracts; and
adjudication in Ohio of challenges to the covenants not to compete, also in the
licensing agreements, is against Texas public policy.
          We affirm.
Background
          In March 2001, Power Marketing entered into a licensing agreement with
Clark, granting Clark certain rights to intellectual property owned by Power
Marketing. Included in that agreement was a forum-selection clause, which read as
follows:
Further, [Clark] and [Power Marketing] each agree that any action, claim or
demand arising under or as a result of this Agreement shall be filed in Franklin
County, Ohio and [Clark] hereby agrees and consents to the jurisdiction of any
court located in Franklin County, Ohio.
          In February 2004, Power Marketing entered into a similar licensing agreement
with Pagnozzi. The forum-selection clause in that agreement read as follows:
Further, [Pagnozzi] and [Power Marketing] each agree that any action, claim
or demand arising under or as a result of this Agreement shall be filed in the
Common Pleas Court of Franklin County, Ohio, and [Pagnozzi] hereby agrees
and consents to the jurisdiction of the Franklin County Court of Common Pleas
as to any dispute involving the parties’ business relationship, including
personal jurisdiction over [Pagnozzi] and subject matter jurisdiction over the
dispute.
          On April 13, 2005, Clark and Pagnozzi filed suit against Power Marketing in
Harris County. In their live petition, Clark and Pagnozzi alleged fraud in the
inducement, fraud, and violation of the Texas Deceptive Trade Practices and
Consumer Protection Act. On May 19, 2005, Power Marketing filed a motion to
dismiss. The trial court held a hearing on June 17, 2005 and later granted Power
Marketing’s motion.
Forum-Selection Clause
          In four points of error, Clark and Pagnozzi challenge the trial court’s
enforcement of the forum-selection clauses.
A.     Standard of Review
          We review the enforcement of a forum-selection clause for an abuse of
discretion. Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc., 177 S.W.3d 605,
610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). However, we review contractual
interpretation of a forum-selection clause de novo. Id. 
B.      Analysis
          Clark and Pagnozzi provide four arguments to support their contention that the
forum-selection clauses should not have been enforced. First, they argue that the
forum-selections clauses are narrowly drafted. Second, the claims in the lawsuit
include fraud in the inducement, a pre-contractual tort, and, thus, the clauses do not
apply. Third, because the claims would void the contracts, the clauses do not apply. 
Fourth, adjudication of the covenants not to compete in an Ohio forum is against
Texas public policy.
          1.       Scope of Forum-Selection Clauses
          Clark and Pagnozzi first argue that in determining the scope of the clauses, we
must construe the clauses “most strictly against [Power Marketing], as the author of
the license agreement.” The law that Clark and Pagnozzi cite is inapplicable. When
language in a contract is determined to be ambiguous, it is interpreted against the
drafter. Gonzalez v. Mission American Ins. Co., 795 S.W.2d 734, 737 (Tex. 1990).


 
Clark and Pagnozzi fail to identify, at trial or on appeal, any ambiguity in the clause. 
Generally, a contract is interpreted against the drafter only as a last resort. GTE
Mobilnet of S. Texas Ltd. P’ship v. Telecell Cellular, Inc., 955 S.W.2d 286, 291 (Tex.
App.—Houston [1st Dist.] 1997, writ denied); see also Evergreen Nat’l Indem. Co.
v. Tan It All, Inc., 111 S.W.3d 669, 676–77 (Tex. App.—Austin 2003, no pet.).
          Clark and Pagnozzi argue that the clauses are too narrowly drafted to apply to
their claims against Power Marketing. Appellants do not, however, explain why the
language in the forum-selection clauses should be construed as being narrowly
drafted.
          In support of their assertion that the forum-selection clauses should be
construed as narrowly drafted, Clark and Pagnozzi rely on Busse v. Pacific Cattle
Feeding Fund No. 1, Ltd., in which the Texarkana Court of Appeals held that a forum
selection clause did not encompass a claim for fraud in the inducement. 896 S.W.2d
807, 812–13 (Tex. App.—Texarkana 1995, writ denied). We find Busse
distinguishable. First, the Texarkana Court of Appeals interpreted the forum-selection clause to apply only to suits involving the “construction of the rights and
liabilities of the parties under the contract.” Id. at 813. Clark and Pagnozzi’s forum-selection clauses include suits arising “as a result of the agreement.” Second, the
Busses were not parties to the contract sought to be enforced. Id. Clark and Pagnozzi
are indisputably parties to their respective contracts. We find no reason to hold that
the forum-selection clauses are “narrowly drafted.”
          We overrule Clark and Pagnozzi’s first point of error.
          2.       Application to Pre-Contractual Claims
          Clark and Pagnozzi argue that because their causes of action involve pre-contractual tort claims, the forum-selection clauses do not apply. The Texas Supreme
Court, however, has held that in the absence of a contract, a plaintiff cannot assert a
fraudulent inducement claim. Haase v. Glazner, 62 S.W.3d 795, 798 (Tex. 2001). 
Instead, fraudulent inducement “is a particular species of fraud that arises only in the
context of a contract and requires the existence of a contract as a part of its proof.” 
Id.; Coastal Bank ssb v. Chase Bank of Texas, N.A., 135 S.W.3d 840, 843 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).
          The Dallas court of appeals has expressly rejected the argument that a forum-selection clause cannot encompass pre-contractual tort claims. My Café-CCC, Ltd.
v. Lunchstop, Inc., 107 S.W.3d 860, 867 (Tex. App.—Dallas 2003, no pet.),
abrogated on other grounds by In re AIU Ins. Co., 148 S.W.3d 109 (Tex. 2004). The
court reasoned that “simply alleging fraud in the inducement of a contract is not
sufficient to make a forum-selection clause unenforceable.” Id. Federal courts in
Texas have reached the same conclusion. Texas Source Group, Inc. v. CCH, Inc., 967
F. Supp. 234, 237–38 (S.D. Tex. 1997); Hoffman v. Burroughs Corp., 571 F. Supp.
545, 547 (N.D. Tex. 1982).
          The Texas Supreme Court has held the same with regard to jury-waiver clauses
and arbitration clauses. In re Prudential Ins. Co. of America, 148 S.W.3d 124,
134–35 (Tex. 2004); In re FirstMerit Bank, N.A., 52 S.W.3d 749, 756 (Tex. 2001). 
Bringing a claim of fraud in the inducement is a dispute involving the parties’
agreement. In re J.D. Edwards World Solutions Co., 87 S.W.3d 546, 551 (Tex.
2002). “Any provision relating to the resolution of future disputes, included as part
of a larger agreement, would rarely be enforced if the provision could be avoided by
a general allegation of fraud directed at the entire agreement.” In re Prudential, 148
S.W.3d at 134. The court in Prudential also cites with approval the United State
Supreme Court’s enforcement of a forum-selection clause to a fraud in the
inducement claim. Id. at 134–35 (citing Scherk v. Alberto-Culver Co., 417 U.S. 506,
519, 94 S. Ct. 2449, 2457 (1974)).
          Clark and Pagnozzi cite Pozero v. Alfa Travel, Inc. for the proposition that their
DTPA causes of action relating to fraud in the inducement should be allowed to
stand. 856 S.W.2d 243, 245 (Tex. App.—San Antonio 1993, no writ). In Phoenix
Network, we recognized the Texas Supreme Court’s adoption of a new test for
determining the applicability of forum-selection clauses. Phoenix Network, 177
S.W.3d at 612–14 (citing In re AIU, 148 S.W.3d at 113–14; In re Automated
Collection Techs., Inc., 156 S.W.3d 557, 559 (Tex. 2004); Michiana Easy Livin’
Country, Inc. v. Holten, 168 S.W.3d 777, 793 (Tex. 2005)). Under this test, known
as the M/S Bremen and Shute test, forum-selection clauses are prima facie valid and
should be enforced unless enforcement is shown by the resisting party to be
unreasonable under the circumstances. Phoenix Network, 177 S.W.3d at 611 (citing
M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972);
Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 598, 111 S. Ct. 1522, 1525
(1991)). We conclude that the new test cannot support the result in Pozero.
          We hold that a forum-selection clause can encompass claims of fraud in the
inducement. We further hold that Power Marketing’s forum-selection clauses were
drafted broadly enough to encompass all of Clark and Pagnozzi’s claims. To clarify,
we do not rule today on whether a forum-selection clause necessarily encompasses
all pre-contractual claims. As Clark and Pagnozzi admit, all of their claims relate to
Power Marketing’s alleged conduct in inducing Clark and Pagnozzi to sign the
contracts. The forum-selection clauses in the license agreements they signed
encompass these claims. Accordingly, Clark and Pagnozzi are obligated to bring
their claims in an appropriate court in Franklin County, Ohio.
          We overrule Clark and Pagnozzi’s second point of error.
          3.       Claims Would Void Contracts
          In their third point of error, Clark and Pagnozzi argue that because a successful
suit would result in the contracts being ruled void, the forum-selection clauses should
not be enforced against them. We reject this argument.
          The law presumes contracts to be valid. Lambert v. Affiliated Foods, Inc., 20
S.W.3d 1, 5 (Tex. App.—Amarillo 1999), aff’d, 44 S.W.3d 544 (Tex. 2001). The
burden is on the party seeking to avoid the contract to prove that the contract was
fraudulently induced. See Rapp Collins Worldwide, Inc. v. Mohr, 982 S.W.2d 478,
482 (Tex. App.—Dallas 1998, no pet.). A forum-selection clause is prima facie valid. 
Phoenix Network, 177 S.W.3d at 611. To allow a party to avoid its obligations under
a presumptively valid contract with a prima facie valid forum-selection clause simply
because the party might carry its burden at trial would give the party an end run
around the burdens that these rules establish. “[A] court determining whether or not
to enforce a forum-selection clause will not inquire into the enforceability of the
contract in which that clause is found.” Holeman v. Nat’l Bus. Inst., Inc., 94 S.W.3d
91, 102 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).
          We overrule Clark and Pagnozzi’s third point of error
          4.       Public Policy
          In their final point of error, Clark and Pagnozzi argue that Power Marketing has
brought suit against them in Ohio to enforce covenants not to compete in their license
agreements that Clark and Pagnozzi assert violate Texas public policy.
          This argument does not relate to the trial court’s enforcement of forum-selection clauses against claims of fraud in the inducement. We recently recognized
the limited role policy arguments have in challenging a forum-selection clause. 
Phoenix Network, 177 S.W.3d at 611. The burden is on the party seeking to avoid the
clause to show that the clause is “unreasonable under the circumstances.” Id. “This
burden includes ‘clearly’ to show that enforcement would be ‘unreasonable and
unjust’; that the clause was ‘invalid for such reasons as fraud or overreaching’; that
‘enforcement would contravene a strong public policy of the forum in which suit is
brought, whether declared by statute or by judicial decision’; or that ‘the contractual
forum will be so gravely difficult and inconvenient’ that the opponent ‘will for all
practical purposes be deprived of his day in court.’” Id. (quoting M/S Bremen, 407
U.S. at 15, 18, 92 S. Ct. at 1916, 1917). Arguing that a court outside of Texas will
decide the validity of the covenants not to compete is insufficient to meet this heavy
burden.
          We overrule Clark and Pagnozzi’s fourth point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.