**AFFIRM; and Opinion Filed October 14, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00573-CV

**CKH FAMILY LIMITED PARTNERSHIP, LTS REALTY, LP, & WALDEMAR D. MAYA, JR. , Appellants**

**V.**

**MGD/CCP ACQUISITION, LLC & GREG KUBICEK, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-00382-D**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Evans
Opinion by Justice O'Neill

Appellants CKH Family Limited Partnership, LTS Realty, LP, and Waldemar D. Maya, Jr. appeal the trial court's motion to dismiss in favor of appellees MGD/CCP Acquisition, LLC and Greg Kubicek. They challenge the dismissal on three grounds: (1) appellees waived any arguments related to jurisdiction arising from the forum selection clause; (2) appellants' consent to jurisdiction in an Oregon court was expressly conditioned upon their claims not being subject to arbitration; and (3) Kubicek was not a signatory to any document containing the Oregon forum selection clause; therefore, the court erred in granting his motion to dismiss. We affirm the trial court's judgment.

**Background**

The underlying facts leading up to this lawsuit are not relevant for disposition of the appeal. However, the following procedural background and provisions of the operating agreement entered into between the parties will be discussed as they relate to issues raised on appeal.

Appellants sued appellees on January 18, 2011 for intentional misrepresentation, fraud, breach of fiduciary duty, and conspiracy involving an investment in real property located in Oregon. In response, appellees filed an original answer subject to a special appearance. The trial court denied appellees' special appearance on December 7, 2011. Following the denial of their special appearance, appellees filed a motion to quash oral depositions, a motion for continuance, a motion to compel arbitration, and an amended answer subject to a motion to dismiss on venue.

In their motion to dismiss on venue, appellees relied on paragraph 12.10 of the operating agreement entered into between the parties, which states the following:

> Each member hereby consents to the exclusive jurisdiction of the state and federal courts sitting in Oregon in any action on a claim arising out of, under or in connection with this Agreement or the transactions contemplated by this Agreement, provided such claim is not required to be arbitrated. Each member further agrees that personal jurisdiction over him or her may be effected by service of process by registered or certified mail and that when so made shall be as if served upon him or her personally within the state of Oregon.

In addition, paragraph 12.11 provided that "no action at law or in equity based upon any claim arising out of or related to this Agreement shall be instituted in any court . . . except (a) an action to compel arbitration pursuant to this section or (b) an action to enforce an award obtained in an arbitration proceeding, in accordance with this section." Appellees argued, based on these provisions, appellants agreed to venue in Oregon and such clauses are specifically enforceable in Texas.

The trial court granted the motion for continuance and later granted the motion to dismiss. The trial court failed to rule on appellees' motion to compel arbitration. This appeal followed.

**Discussion**

We begin our discussion by addressing appellants' first issue that appellees waived their right to challenge the forum selection clause. Appellants contend that because the trial court denied appellees' special appearance, which made no mention of the forum selection clause, appellees generally appeared in the trial court based upon the denial. Appellants further argue it is irrelevant appellees later filed an amended answer subject to a motion to dismiss invoking the forum selection clause because the trial court had already determined appellees were properly before the court. We disagree with appellants' waiver arguments.

A motion to dismiss is the proper mechanism to enforce a forum selection clause that selects another state as the proper forum for litigation. *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ). We have held a general appearance does not waive a party's right to rely on a forum selection clause. *See My Cafe-CCC, Ltd v. Lunchstop, Inc.*, 107 S.W.3d 860, 864 (Tex. App.—Dallas 2003, no pet.). In *My Cafe-CCC*, we concluded "Because a special appearance does not address forum selection clauses, [appellee] could not waive its complaint by failing to enter a special appearance." *Id*. Thus, in the present case, even though the trial court denied appellees' special appearance, the same rule of law applies. Appellees did not waive the court's jurisdiction to rule on its motion to dismiss based on a forum selection clause simply because the trial court denied their special appearance. Thus, we reject appellant's argument that appellees generally appeared before a Texas trial court. Accordingly, the trial court did not abuse its discretion by considering the merits and ruling on appellees' motion to dismiss. We overrule appellants' first issue.

We now turn to the merits of appellees' motion to dismiss. Forum selection clauses are enforceable in Texas provided (1) the parties have contractually consented to submit to the exclusive jurisdiction of another state, and (2) the other state recognizes the validity of such provisions. *Id*. Texas courts are not bound by the parties' selection of a forum with regard to any cause of action if the interests of the public and potential witnesses strongly favor jurisdiction in a forum other than the forum the parties selected. *Id*. at 864–65.

We review motions to dismiss predicated on forum selection clauses for an abuse of discretion. *Stokes Interest, G.P. v. Santo-Pietro*, 343 S.W.3d 441, 444 (Tex. App.—El Paso 2010, no pet). To the extent our review involves contractual interpretation of a forum selection clause, the standard of review is de novo. *Id*.

In their second issue, appellants argue the trial court abused its discretion by granting appellees' motion to dismiss because the forum selection clause is expressly conditioned upon those claims not subject to arbitration. Although appellees filed a motion to compel arbitration, the trial court never ruled on it. Appellees respond whether appellants' claims are subject to arbitration is irrelevant to the forum selection clause analysis, and the forum selection clause clearly states the parties agreed to submit to jurisdiction in Oregon. Again, we agree with appellees.

"Enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Rouse v. Tex. Capital Bank, N.A.*, 394 S.W.3d 1, 4 (Tex. App.—Dallas 2011, no pet.) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Thus, by entering into an agreement with a forum selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for

cost or other reasons. *See In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding).

In analyzing the forum selection clause, we turn to principles of contract interpretation. *Rouse*, 394 S.W.3d at 4. Our primary objective in construing a written contract is to ascertain and give effect to the intentions the parties have objectively manifested in the written instrument. *Id.* Contract terms are given their plain, ordinary, and generally accepted meanings, and contracts are to be construed as a whole in an effort to harmonize and give effect to all provisions of the contract. *Id.*; *see also Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). If a contract can be given a certain or definite legal meaning or interpretation, it is not ambiguous and is construed as a matter of law. *Rouse*, 394 S.W.3d at 4. Further, the Texas Supreme Court has advised that, in determining whether claims fall within the scope of a forum selection clause, the reviewing court should engage in a "common sense examination of the claims and the forum selection clause to determine if the clause covers the claims." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 884 (Tex. 2010) (orig. proceeding).

Appellants argue their underlying claims for intentional misrepresentation, fraud, breach of fiduciary duty, and conspiracy do not fall within the forum selection clause because the trial court never determined whether the claims were subject to arbitration, which was an express condition of the operating agreement and for jurisdiction in Oregon. Section 12.10 of the operating agreement states:

> Each member hereby consents to the exclusive jurisdiction of the state and federal courts sitting in Oregon in any action on a claim arising out of, under or in connection with this Agreement or the transactions contemplated by this Agreement, provided such claim is not required to be arbitrated.

As correctly noted by appellees, appellants do not dispute the scope of the forum selection clause, but rather argue the statement regarding arbitration carves out an exception. We disagree with appellants' interpretation.

–5–

Appellants' argument overlooks the fact that they initiated the underlying lawsuit rather than filing arbitration. Black's Law Dictionary defines "action" as a "civil or criminal judicial proceeding" in courts of law. BLACK'S LAW DICTIONARY 28 (7th ed. 1999). Section 12.10 specifically provides that any "action" must be brought in Oregon. Accordingly, any action filed by appellants was controlled by section 12.10.

The "provided such claim is not required to be arbitrated" clause simply acknowledges the arbitration provision in section 12.11. This section provides the following:

> Except as otherwise provided in this Agreement, any controversy or dispute arising out of this Agreement, the interpretation of any of the provisions hereof, or the action or inaction of any Member or Manager hereunder shall be submitted to arbitration in Clackamas County Oregon before the American Arbitration Association, under the commercial arbitration rules.

Black's Law Dictionary defines "controversy" as "a disagreement or a dispute, esp. in public." *Id*. at 331. Thus, it draws the distinction between an "action" in section 12.10 and a "controversy" requiring arbitration under section 12.11. Regardless, even drawing such a distinction does not overcome the fact that the parties also agreed to arbitration in Oregon. Appellants even conceded in oral argument that had appellees requested arbitration in Oregon, they would agree to arbitration as provided in section 12.11. However, they argued they should not be forced to go to trial in Oregon. Based on a plain reading of the forum selection clause and the arbitration clause, we simply cannot agree. It is clear the parties envisioned that all claims, whether brought before a court or an arbitration panel, must only be filed in Oregon.

In reaching this conclusion, we are not persuaded by appellants' argument that appellees were required to obtain a ruling on their motion to compel arbitration from the trial court. Appellants cannot argue their claims were "required to be arbitrated" when they never sought arbitration, and if appellees chose not to have their motion to compel ruled upon, that was their right. *See, e.g.*, *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008) ("Like any other contract

right, arbitration can be waived if the parties agree instead to resolve a dispute in court."). Accordingly, we overrule appellants' second issue.

In their third issue, appellants argue the trial court erred by granting appellee Kubicek's motion to dismiss because he is not a signatory to any agreement containing an Oregon forum selection clause, and their allegations against Kubicek arose out of misrepresentations he individually made in Texas prior to the creation of any agreement with a forum selection clause. Again, we cannot agree.

Courts should apply equitable estoppel when a signatory to the contract containing the forum selection clause raises allegations of substantially interdependent and concerted misconduct by both non-signatories and one or more signatories to the contract. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc*., 234 S.W.3d 679, 694 (Tex. App.— Houston [14th Dist.] 2007, pet. denied). Moreover, the Texas Supreme Court has rejected the notion that a forum selection clause can be defeated by the presence of non-signatories to the agreement. *See In re Int'l Profit Assoc., Inc*., 274 S.W.3d 672, 680 (Tex. 2009) (orig. proceeding) ("If all it takes to avoid a forum-selection clause is to join as defendants local residents who are not parties to the agreement, then forum-selection clauses will be of little value."); *In re Emex Holdings, L.L.C.*, No. 13-11-00145-CV, 2013 WL 1683614, at *6 (Tex. App.—Corpus Christi Apr. 18, 2013, orig. proceeding) (holding forum selection clause applied to non-signatories).

Here, the trial court stated on the record during a hearing "that the pleadings of the plaintiffs make claims against the defendant substantially interdependent, specifically the fact that they allege misrepresentation and fraud against all defendants, breach of fiduciary duties, and conspiracy." The trial court continued, "There is really no way for the Court to grant a motion to dismiss only as to the LLC without also doing it as to Mr. Kubicek." We agree.

Despite appellants' arguments to the contrary, they have made no effort to differentiate their claims against Kubicek and MGD/CCP. In their pleadings, they state "Defendants made misrepresentations of material fact" regarding investments; "Defendants" committed fraud and breached their fiduciary duty; and "Defendants intentionally conspired to falsely represent to Plaintiffs the investment [at] issue." Moreover, appellants repeatedly state Kubicek met with them "individually and on behalf of Defendant MGD/CCP Acquisition, LLC." Thus, even though Kubicek was not a signatory to the operating agreement containing the forum selection clause, the causes of action raised by appellants against him are substantially interdependent on the alleged misconduct of him and MDG/CCP in the underlying real estate transaction that was a part of the formation of the operating agreement containing the forum selection clause. Accordingly, Kubicek was entitled to rely on and enforce the forum selection clause. The trial court did not abuse its discretion in granting his motion to dismiss. Appellants' third issue is overruled.

## Conclusion

Having overruled appellants' issues, we affirm the trial court's judgment.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

120573F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CKH FAMILY LIMITED PARTNERSHIP, LTS REALTY, LP, & WALDEMAR D. MAYA, JR., Appellants

No. 05-12-00573-CV          V.

MGD/CCP ACQUISITION, LLC & GREG KUBICEK, Appellees

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-11-00382-D.
Opinion delivered by Justice O'Neill.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MGD/CCP ACQUISTION, LLC & GREG KUBICEK recover their costs of this appeal from appellants CKH FAMILY LIMITED PARTNERSHIP, LTS REALTY, LP, & WALDMAR D. MAYA, JR.


Judgment entered this 14th day of October, 2013.


/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE