**AFFIRMED and Opinion Filed November 13, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00220-CV

**HAVERCOMBRE VENTURES LIMITED, Appellant**
**V.**
**SPHERIC ASSURANCE COMPANY, LTD., Appellee**

**On Appeal from the 288th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2023CI08481**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

Havercombre Ventures Limited ("Havercombre") appeals the trial court's grant of Spheric Assurance Company, Ltd.'s ("Spheric") forum non conveniens motion to dismiss based on the forum-selection clause in the parties' insurance agreement.[1] In a single issue, Havercombre argues the trial court erred in granting the motion to dismiss because the forum-selection clause only applies to contractual claims and the claims asserted against Spheric are extra-contractual.

---

[1] The Texas Supreme Court transferred this appeal from the Fourth Court of Appeals. *See* Misc. Docket No. 23-9109 (Tex. Dec. 21, 2023) (docket equalization order). Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

We conclude the trial court's ruling was not erroneous. Havercombre's claims arise from the contractual relationship between the parties, not from general obligations imposed by law, and implicate the policy terms. Accordingly, the trial court did not err in concluding that the claims fall within the scope of the forum-selection clause. We affirm the trial court's judgment of dismissal.

## I.    BACKGROUND

Havercombre is a British Virgin Islands ("BVI") company that purchased marine insurance (the "Policy") from Spheric, a company also organized under BVI law.[2] The Policy provided coverage for the FORTIOUS, an 80-foot Amizut yacht registered in the BVI.

The Policy included a combined choice-of-law and forum-selection clause that provided:

> **LAW AND JURISDICTION:** This Contract shall be governed by and construed in accordance with the laws of the British Virgin Islands and each party agrees to submit to the exclusive jurisdiction of the Courts of the British Virgin Islands.

On August 20, 2022, a fire destroyed the yacht and it sank. Havercombre made a claim under the Policy, but Spheric denied the claim. Spheric's letter denying

---

[2] Spheric also has an office in San Antonio, Texas.

coverage asserted that Havercombre breached certain warranties in the Policy. Havercombre sued Spheric in a Texas state court in Bexar County, Texas.[3]

Havercombre asserted claims against Spheric for violations of the Texas Insurance Code, breach of a duty of good faith and fair dealing, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

Havercombre did not specifically allege breach of contract. But in support of its causes of action, Havercombre alleged:

> Defendant denied Plaintiff's claim without a reasonable investigation. As the sole basis for the denial, Defendant claimed that the damage was not covered because Plaintiff failed to "comply" with warranties, even though those warranties did not contribute to the fire or damage to the vessel.
>
> . . .
>
> Even worse, Defendant have [sic] created a business practice of deceptively marketing and selling insurance in Texas, while at the same time intentionally failing to comply with the obligations under the policy, including the BVI Insurance Code of Conduct. By intentionally side-stepping this disclosure obligation, Defendant took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree. This conduct violated Texas law, including the Texas Insurance Code and the Texas Deceptive Trade Practices Act.
>
> . . .
>
> Given the repeated delays of payment for its necessary benefits, Plaintiff has been subjected to significant and continuing economic impact and damage. The significant effect of Defendant's wrongful and unjustified delay, however, is still uncompensated.

---

[3] Havercombre also sued Global Insurance Group Holding Co., Inc. After Global filed a Rule 91a motion to dismiss, Havercombre amended its petition, dropped Global as a defendant, and nonsuited its claims against Global.

In support of the alleged violation of the Texas Insurance Code, Havercombre alleged that Spheric "refused to pay a claim without conducting a reasonable investigation," and sought "monetary relief in an amount over $1,000,000."[4] Regarding breach of a duty of good faith, Havercombre alleged that:

Defendant, as Plaintiff's insurer, had a duty to deal fairly and in good faith with it in the processing of the underlying claim. Defendant breached this duty by refusing to properly investigate and effectively denying insurance benefits. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendant's breach of these legal duties, Plaintiff suffered legal damages.

Spheric moved to dismiss the suit based on the forum-selection clause in the Policy. The trial court granted the motion and entered a final judgment. Havercombre filed a motion for new trial that was overruled by operation of law and this appeal followed.

## II. ANALYSIS

Havercombre's sole issue argues the forum-selection clause is not ambiguous and applies only to contractual claims. Because the forum provision does not specify the scope of what the parties' intended to submit "to the exclusive jurisdiction of the Courts of the British Virgin Islands," Havercombre argues the forum clause must be read in conjunction with the choice-of-law clause referencing claims "governing" and "construing" the contract. In other words, the parties only intended to designate

---

[4] The yacht had an alleged value of $1.3 million.

BVI as a mandatory forum for claims governing and construing the contract. Spheric agrees that the forum selection-clause applies to any claim regarding the governance and construction of the contract, but urges that such governance and construction is not limited to "pure" breach of contract claims.[5]

Contractual forum-selection clauses allow contracting parties to "preselect the jurisdiction for dispute resolution." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017). Although once disfavored, such clauses are presumptively valid. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding)

Courts interpret unambiguous forum-selection clauses according to their plain language under contract interpretation principles. *Alattar v. Kay Holdings, Inc.,* 485 S.W.3d 113, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The construction of an unambiguous agreement presents a question of law that we review de novo. *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 7 (Tex. 2014).

Our primary concern in interpreting an agreement is to ascertain and give effect to the intentions of the parties as expressed in the instrument. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). A court asked to enforce a forum selection clause must first determine whether the clause applies to the claims

---

[5] We agree that the Policy is not ambiguous. Therefore, we need not consider Havercombe's alternative argument that an ambiguous insurance contract is construed against the insurer. *See* TEX. R. APP. P. 47.1.

asserted in the lawsuit. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex. App.–Dallas 2010, no pet.). The analysis involves a "common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding) (per curiam) (citation omitted).

We make this determination based on "the language of the clause and the nature of the claims that are allegedly subject to the clause." *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc*., 234 S.W.3d 679, 688 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221–22 (5th Cir. 1998)). The legal theories and causes of action employed are not controlling. *Pinto Tech*., 526 S.W.3d at 437. Instead, the Texas Supreme Court has directed that we focus on the substance of the claims, not the labels, and avoid "slavish adherence to a contract/tort distinction." *Pinto Tech*., 526 S.W.3d at 441 (quoting *In re Int'l Profit Assocs*., 274 S.W.3d at 677).

In *Cotton Patch Cafe, Inc. v. Micros System, Inc*., No. 12-10-00030-CV, 2011 WL 743066, at *1 (Tex. App.—Tyler Mar. 2, 2011, no pet.), the Tyler court considered a similar combined choice-of law and forum-selection provision. The provision at issue there provided:

> This contract shall be governed by and construed according to the laws of the state of Maryland. The parties mutually consent to exclusive jurisdiction and venue in the state and federal courts sitting in the State of Maryland

*Id.* at *1. As in the present case, the *Cotton Patch* plaintiff argued that its claims were tortious in nature and unrelated to the parties' contracts. The claims included: "(1) violation of the Texas Deceptive Trade Practices Act (DTPA), (2) negligence, (3) gross negligence, and (4) negligent misrepresentation." *Id*. Considering whether the claims were within the scope of the forum-selection clause, the court noted that to follow slavish adherence to a contract/tort distinction "would allow a litigant to avoid a forum selection clause with artful pleading." *Id.* at *2. "Pleading alternative noncontractual theories of recovery will not alone avoid a forum selection clause if those alternative claims arise out of the contractual relations and implicate the contract's terms." *Id.*, (*citing Christian Educ. v. Oracle Corp.*, 925 S.W.2d 66, 72 (Tex. App.—Dallas 1996, no pet.)).

The court concluded that the forum-selection clause applied to the plaintiff's claims because each of the claims arose out of the parties' contractual relations and implicated the contract's terms. To this end, the court observed: "Without the contractual relations . . . the acts giving rise to the causes of action sounding in tort would not have occurred." *Id.* at *2.

Texas courts also look to federal law for guidance in analyzing forum-selection clauses, *see Int'l Profit*, 274 S.W.3d at 677, and federal courts considering similar clauses are in accord with the *Cotton Patch* approach. *See Anselmo v. Univision Station Group, Inc.*, No. 92 Civ. 1471, 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993) (forum selection clause should not be defeated by artful pleading of

claims if "those claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship."). Thus, a contractually-based forum selection clause will also encompass tort claims if the tort claims "ultimately depend on the existence of a contractual relationship" between the parties, *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 203 (3rd Cir. 1983*), overruled on other gr. by Lauro Lines v. Chasser*, 490 U.S. 495(1989), if "resolution of the claims relates to interpretation of the contract," *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514 (9th Cir. 1988), or if the tort claims "involv[e] the same operative facts as a parallel claim for breach of contract," *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir.1993); *see also Kelvion, Inc. v. PetroChina, Ltd*., 918 F.3d 1088, 1091–94 (10th Cir. 2019) (concluding forum selection clause applied to equitable claims); *Direct Mail Production Svs., Ltd. v. MBNA Corp*., No 99 Civ. 10550, 2000 WL 1277597, at *7 (S.D. N.Y. Sept. 7, 2000) (not designated for publication) (concluding extra-contractual claims required reference to the rights and duties in the contract); *Petrik v. Correctional Eyecare Network, Inc*., No. 4:12-CV-2252, 2013 WL 12203007, at * 6 (M.D. Pa. Aug. 22, 2013) (not designated for publication) (concluding fraud theories implicated contract terms and were therefore within scope of forum clause).

Despite the differences in terminology, one common thread running through these various formulations is the inquiry whether the plaintiff's claims depend on rights and duties that must be analyzed by reference to the contractual relationship.

A claim is brought in contract if liability arises from the contract. *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 209 (Tex. 2007). A claim is brought in tort if liability is derived from other general obligations imposed by law. *Id*. "Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993). Viewed through this lens, Havercombre's claims all fall within the scope of the forum-selection clause.

Spheric argues there is no question that Havercombre asserted contract claims because it requested fees under TEX. CIV. PRAC. & REM. CODE ANN. §38.01, the statutory basis for attorney's fees in a contract case. Havercombre categorically denies that it requested such fees. The answer lies somewhere in between these two positions.

Although Havercombre did not specifically plead a breach of contract claim as a basis to recover fees under §38.001, it did reference the statute in its pleading. Specifically, the First Amended Petition states, "Plaintiff is entitled to recovery of attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §38.001, TEX. BUS. & COM. CODE ANN. §17.50, and TEX. CIV. PRAC. & REM. CODE ANN. §37.009." While we reject Spheric's argument that this single reference to §38.001 is outcome determinative, we consider the request for §38.001 fees in conjunction with the other allegations in the petition.

Notwithstanding the absence of a breach of contract claim, the petition demonstrates that Havercombre's claims arise from the contractual relationship of the parties and implicate the Policy's terms. Indeed, the common basis for all causes of action is the denial of Havercombre's claim under the Policy. Whether that denial is wrongful requires interpretation of the Policy, or, at a minimum, implicates the Policy's terms.

Havercombre alleged that Spheric violated the Texas Insurance Code and the DTPA by "breach[ing]" its obligation to inform Havercombre of the consequences of not strictly complying with the warranty in the Policy. Havercombre also based its claims under these Texas statutes on allegations that Spheric made various misrepresentations about the Policy and used a generic form to deny Havercombre's claim.

The petition further complains about Spheric's alleged failure to conduct a reasonable investigation and comply with its obligations under the Policy. Damages are premised on the benefits allegedly owed under the Policy. And the alleged duty of good faith and fair dealing arises out of the relationship between the parties to this insurance contract. Havercombre fails to explain how the duties and obligations upon which it relies to plead its claims can be adjudicated without reference to the parties' contractual relationship or without implicating the Policy's terms. *See Cotton Patch*, 2011 WL 743066, at *2.

Havercombre cites several cases involving combined choice-of law and forum-selection clauses to argue that the clause at issue here does not apply to extra-contractual claims. *See, e.g., Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719,726 (5th Cir. 2003) (considering choice-of-law clause); *Red Roof Inns, Inc. v. Murat Holdings, LLC*., 223 S.W.3d 676, 684 (Tex. App.—Dallas 2007, pet. denied) (same); *In re Lisa Laser*, 310 S.W.3d 880, 882 (Tex. 2010) (same).

These cases, however, involve application of a choice-of-law provision, not a forum-selection provision. Although the forum-selection provision appeared in the same paragraph as the choice-of-law provision, the courts' analysis focused on choice-of-law rather than filing the cases in the proper forum. Moreover, even in the choice-of-law context, many cases Havercombre cites recognize that non-contract claims may be covered by a narrow choice-of law provision if the claims "rise or fall" with the issue of contract interpretation or enforcement. *See Stier v. Reading & Bates, Corp.*, 992 S.W.2d 423, 433 (Tex. 1999); *B/K Series Invs., LLC v. ECOM Series Invs., LLC*, No. 05-22-00115-CV, 2023 WL 2821876, at *7 (Tex. App.—Dallas Apr. 7, 2023, pet. denied) (mem. op.); *see also Canton v. Leach Corp.*, 896 F.2d 939, 943 (5th Cir. 1990) (choice of law provision limited to contract interpretation or enforcement applied to breach of covenant of good faith because the claim depended on construction of the contract).

Nonetheless, to the extent Havercombre relies on these cases to argue that the combined choice-of-law and forum provisions cannot be read in a vacuum, we agree.

As both parties suggest, the Policy's choice-of-law reference to claims governing and construing the contract informs our determination of the types of claims falling within the forum-selection clause. But we cannot conclude that use of those terms mandates that the forum-selection clause applies only to breach of contract claims.

Havercombre insists that its claims do not rely on interpretation or construction of the Policy because the parties agree that BVI law and the Policy mandate coverage denial for warranty noncompliance. To this end, Havercombre urges that the heart of its claims arise from marketing and selling insurance in Texas and statutory and common law obligations under Texas law. This argument is not persuasive because the pleadings reflect otherwise.

Although the parties may agree that coverage may be denied for failure to comply with the warranties, Havercombre disputes the application of the warranties because "those warranties did not contribute to the fire or damage to the vessel." Moreover, the allegation that Spheric deceptively marketed and sold insurance in Texas is intertwined with the allegation that "at the same time" Spheric "intentionally fail[ed] to comply with the obligations under the policy, including BVI Insurance Code of Conduct." Havercombre further alleged that spheric "knew or reasonably should have known that there was no reasonable basis for denying or delaying the required benefits." The foregoing demonstrates that in the absence of the parties' contractual relations, the acts giving rise to Havercombre's causes of action would not have occurred. *See Cotton Patch*, 2011 WL 743066, at *2.

Under these circumstances, we conclude that Havercombre's artful pleading does not remove the extra-contractual claims from the scope of the Policy's forum-selection clause. Havercombre's sole issue is resolved against it.

## III. CONCLUSION

The record reflects that Havercombre's claims arise from the parties' contractual relationship and implicate the rights and duties in the Policy. Therefore, the trial court did not err in concluding that these extra-contractual claims fall within the scope of the forum-selection clause. The trial court's judgment of dismissal is affirmed.

/Dennise Garcia/

DENNISE GARCIA

240220F.P05                                                      JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HAVERCOMBRE VENTURES
LIMITED, Appellant

No. 05-24-00220-CV     V.

SPHERIC ASSURANCE
COMPANY, LTD., Appellee

On Appeal from the 288th District
Court, Bexar County, Texas
Trial Court Cause No. 2023CI08481.
Opinion delivered by Justice Garcia.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SPHERIC ASSURANCE COMPANY, LTD. recover its costs of this appeal from appellant HAVERCOMBRE VENTURES LIMITED.

Judgment entered this 13th day of November 2024.